1
2
3
4
5

**NINA R. RINGGOLD**
**17901 Malden St.**
**Northridge, CA  91325**
**Telephone: (818) 773-2409, Facsimile: (866) 340-4312**
**Defendants**

6

**UNITED STATES DISTRICT COURT**

7

**FOR THE CENTRAL DISTRICT**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| **SUPREME COURT OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; BOARD OF TRUSTEES OF THE STATE BAR OF CALIFORNIA; THOMAS MILLER former General Counsel, VANESSA HOLTON current General Counsel; STATE BAR COURT OF CALIFORNIA as an entity that is not a court of record; JUDGE YVETTE ROLAND, CATHERINE PURCELL, RICHARD HONN, individuals and not judicial officers; MICHELLE CRAMTON, ADA coordinator; JAYNE KIM former Chief Trial Counsel, STEVEN MOAWAD former Chief Trial Counsel, MELANIE J. LAWRENCE interim Chief Trial Counsel; ASHOD MOORADIAN, AGUSTIN HERNANDEZ, ROSS VISELMAN, PATRICE VALLIER-GLASS, KERRI RILEY, trial counsel; CRAIG MATHENY investigator, BARBARA FIELD investigator, and any other alleged investigator(s); all the above independently and as persons and/or entities governed under Cal. B&P Code § 6031 (b), and DOES 1-10,** <br><br>         **Plaintiffs,** <br><br> v. <br><br> **NINA R. RINGGOLD, LAW OFFICES OF NINA R. RINGGOLD as constitutionally mandated member of the State Bar of California under Cal. Const. VI § 9 with clients protected under § § 1 - 3 of the Civil Rights Act of 1866 and Cal. B&P Code § 6001.1 (eff. 10/2/11) and engaged in action under Voting Rights Act that Seeks a Special Judicial Election in the State of California,** <br><br>         **Defendants.** | Case No._____ <br><br> **NOTICE AND PETITION FOR REMOVAL UNDER THE CIVIL RIGHTS ACT OF 1866; 28 U.S.C. § 1443(2) [Refusal to Act Clause applicable to State Officers]; 28 U.S.C. § 1443 (1); 28 U.S.C. § 1331 AND NOTICE OF ORIGINAL JURISDICTION UNDER CIVIL RIGHTS ACT OF 1866, THE AMERICANS WITH DISABILITIES ACT, AND 504 OF THE REHABILITATION ACT** <br><br> **NOTICE OF <u>INDEPENDENT</u> PETITION FOR WRIT OF HABEAS CORPUS; <u>INDEPENDENT</u> PETITION FOR WRIT OF QUO WARRANTO OR OTHER APPROPRIATE RELIEF; <u>INDEPENDENT</u> PETITION TO RE-OPEN; AND** <br><br> **APPLICATION FOR RELIEF UNDER THE ALL WRITS ACT (28 U.S.C. §1651)** <br><br> **(Jury Trial Requested)** |

**TO THE CLERK OF COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that defendants Nina Ringgold and the Law Office of Nina Ringgold hereby remove the above referenced actions or proceedings. The notice of removal is pursuant the Civil Rights Act of 1866; the Refusal to Act Clause of § 3 of the Civil Rights Act of 1866 and the Refusal to Act Clause of 28 U.S.C. § 1443 (2), 28 U.S.C. § 1443 (1); 28 U.S.C. § 1441; and 28 U.S.C. § 1331.  It is also pursuant to the Americans With Disabilities Act and the 504 of the Rehabilitation Act.

**PLEASE TAKE FURTHER NOTICE** that this petition is also filed a petition for writ of habeas corpus under the § 3 of the Civil Rights Act of 1866 and under 28 U.S.C. § 2254. And, it is filed as a petition for writ of quo warranto.

**PLEASE TAKE FURTHER NOTICE** that this petition is also filed under the All Writs Act (28 U.S.C. § 1651). See Yonkers Racing Corporation v. City of Yonkers, 858 F.2d 855, 863 (2nd Cir. 1988)(The All Writs Act allows the court to issue orders as to persons and entities (although not parties to the original action) who are in a position to frustrate an ultimate order of the federal court or the proper administration of justice even if those persons have not taken any affirmative action to hinder justice).  Such relief is proper due to the fact that by legislative mandate as employees of the State Bar plaintiffs are barred from considering the defenses of the defendant, the tribunal is acting in direct conflict with federal jurisdiction and law.  This petition is also filed pursuant to the 1866 Act, Voting Rights Act, First, Fifteenth, Fourteenth Amendment bar the conduct herein.

**PLEASE TAKE FURTHER NOTICE** that this petition is also as a petition to re-open under Federal Rules of Civil Procedure, Rule 60 (b) and (d).  This court has not ruled on the motion to vacate filed on September 28, 2020 in case no 2:20-cv-07842-GW-

MRW.  There has also been a change in law by *Common Cause v. Lewis*, 956.3d 246 (4th Cir. 2020) that addresses the Refusal to Act Clause of 28 U.S.C. § 1443 (2) in a manner favorable to defendants.

**PLEASE TAKE FURTHER NOTICE** that all regulatory and investigative proceedings at issue in this removal are confidential as mandated by state law including California Rule of Court 1.100 and defendants do not waive any aspect of this confidentiality. Therefore, supporting exhibits and material will be subsequently submitted under seal and request for protective order will be requested.  Additionally, an amended petition will be submitted as necessary due to needed accommodation for disability.

## THE PARTIES

1.     Defendant is an individual who is a citizen of the United States, a citizen of the State of California, and a registered voter in the State of California.  She is African American and a direct decedent of slaves or persons subjected to involuntary servitude in the United States.  She is a member of a protected class and maintains rights under the Thirteenth Amendment.  She is female and a licensed attorney in the State of California in continuous good standing with the California State Bar.  She has no record of discipline or client complaint with the State Bar.  She is also a person with a physical disability and had been denied disability accommodation and subjected to race and disability discrimination and retaliation in the proceedings at issue.

2.     Defendant is a mandatory member of the State Bar of California as a constitutional body as specified in California Constitution Article 6, Section 9. She has been providing legal services in the State of California for over 30 years.  The client base of

the law office includes the most vulnerable populations in the State, mainly low and modest income persons who are racial and language minorities. Defendant pays mandatory dues to the State Bar and this entity is not acting in the public interest or in the interest of her clients.

3.     As to the plaintiffs, defendant is informed and believes as follows:

4.     Plaintiff Supreme Court is a court of record in the State of California.

5.     Plaintiff State Bar of California is public corporation as specified in the state constitution.

6.     Plaintiff Board of Trustees of the State Bar of California ("Board").

7.     Plaintiff Thomas Miller is former General Counsel of the State Bar of California during the period of approximately February 2014 to August 2015.

8.     Plaintiff Vanessa Holton has been General Counsel of the State Bar of California during the period of approximately August 2015 to the present.

9.     Plaintiff State Bar Court of California is established by the Board.

10.     Plaintiffs Yvette Roland, Catherine Purcell, and Richard Honn are not judicial officers of the State Bar Court.

11.     Plaintiff Michelle Cramton is an alleged ADA Coordinator.

12.     Plaintiff Jayne Kim was former Chief Trial Counsel from about 2011 until about April 2017.

13.     Plaintiff Steven Moawad was former Chief Trial Counsel from about April 2017 until about May 18, 2018.

14.     Plaintiff Melanie Lawrence has been interim Chief Trial Counsel since about May 19, 2018 to the present.

15.     Plaintiff Ashod Mooradian is former trial counsel for the State Bar of California and is the person who filed the void notice of disciplinary charge in the State Bar court.  This plaintiff subsequently was forced to leave the state bar.

16.     Plaintiff Agustin Hernandez is trial counsel who worked in conjunction of Ashod Mooradian before the first removal and until the void notice of disciplinary charge was filed in the State Bar Court.  After removal he was no longer involved case.

17.     Plaintiff Ross Viselman, Patricia Vallier-Glass, and Kerri Riley are or were trial counsel.

18.     Plaintiff Craig Matheny is an investigator for the office of chief trial counsel.

19.     Plaintiff Barbara Field is an investigator for the office of chief trial counsel.

## GENERAL ALLEGATIONS

Public Interest

20.     Many public interest programs, including those which defendant has worked, receive funding from Interest on Lawyers' Trust Accounts (ILOTA).  Between the year 2008 to 2014 revenue from this source of funding declined by 80%.  In 2014 there were approximately 7000 eligible clients for each legal aid lawyer.[1]

21.     In many circumstances the programs that were funded by the State Bar were discouraged or barred from taking effective legal action in the interest of low income and vulnerable populations based on the source or method of allocation of funding.  Compare Legal Services Corporation v. Velazquez  531 U.S. 533 (2001) (impermissible viewpoint discrimination to restrict legal representation to prevent advising clients that certain laws are unconstitutional). Many programs were funded indirectly by state bar dues and

---

[1] See Legal Aid in the Community, California Commission on Access to Justice (October 31, 2014).

[2] The California Commission on Judicial Performance has twice requested a formal

by private donations of the state bar members and members of the public.  Although there is no government speech at issue, defendants contend that those who had accepted the state bar funding had been restricted and discouraged from asserting certain valid legal viewpoints.  (in part based on Cal Bus & Prof Code §6031 (b)).  The State Bar has primarily been a unified state bar (i.e. regulatory function and trade association type functions performed by the same entity).

Disability Retaliation/Discrimination and Refusal to Allow Reasonable Accommodation.

22.     Defendant has document disability and requested disability accommodation including (when she was admitted to the hospital).  A default was entered by State Bar without ruling on defendant's request for accommodation.  The request for disability accommodation was unreasonably and maliciously denied.

23.     The State Bar's refusal to provide necessary urgently needed accommodation during a national pandemic was outrageous and retaliatory.

24.     Then, without allowing disability accommodation mandated by federal law, the tribunal entered an order of inactive enrollment harming both defendants and clients. (Exhibit ___).   The order therein improperly claims that no opposition was filed by defendants.  (See opposition Exhibit __).

25.     The tribunal prevents attorneys from review of denial of disability accommodations by a court of record (unlike all other persons with disabilities under state law and rules of court).  It is purporting to act under rogue ad hoc rules that are not approved by the California Supreme Court or the Board of Trustees.  An accommodation for disability has nothing to do with the merits but rather allows fair and reasonable access in court proceedings.

26.     The tribunal completely lacks jurisdiction because it is acting in violation of 28 U.S.C. § 1446 (d).  There has never been any remand order filed in the state tribunal from any removal filed by defendants.  Inherently federal jurisdiction has always existed.  See Bucy v. Nevada Const.Co., 125 F.2d 213, 217-218 (9th Cir. 1942). ("The proper procedure for carrying the order of remand into execution would be by filing of a certified copy of the order in the state court….The order is not self-executing and the statute does not so state." Id. at 217.  See also Spanair S.A. v. McDonnell Douglas Corp., 172 Cal.App.4th 348 (Cal. 2009).

5 Of California Senate Bill x 211 ("Section 5of SBX2 11") is in Direct Conflict with the Supremacy Clause of the United States Constitution,  Section 1 of the Civil Rights Act of 1866, and California Constitution Art. VI Sections 17 and 21.

27.     On February 20, 2009 the California Legislature repealed California Government Code § 53200.3 by enactment of California Senate Bill x211.  California Government Code § specified that judges of the superior courts whose salaries are paid either in whole or in part from the salary fund of the county are county employees. Section 5 of SBX2 11 purports to provide retroactive immunity to government entities, officers, employees, and judges from personal liability, disciplinary action, or criminal prosecution notwithstanding the United States Constitution or federal law.  It is in direct conflict with section 1 of the Civil Rights Act and the Supremacy Clause of the United States Constitution.  Section 5 of SBX2 11 attempts to revise or amend the state constitution without use of the proper procedures.  See Legislature v. Eu 54 Cal.3d 492, 506-512  (Cal. 1991), Amador Valley Joint Union High School v. State Bd. Of Equalization 22 Cal.3d 208 (Cal. 1978).

28.     California Constitution Article VI, Section 17 mandates that if a judge accepts public employment or office there is an automatic resignation of the judge.  California Constitution Article VI, Section 21 provides that on stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause.  See also See Rooney v. Vermont Investment Corporation (Cal. 1973) 10 Cal.3d 351, People v. Tijerina (Cal. 1969) 1 Cal.3d 41. The controversial "super immunity provision" is not published in the California Government Code.  Therefore, it is not accessible to the general public.

29.     Clients of defendants object to section 5 of SBX2 11 and to the involuntary waiver of federal rights and claim they have been subjected to discriminatory retaliation based on their objections.  They claim that the person who was conducting the proceeding was required to make disclosure and obtain their consent.  They also claim that rather than hiding the unconstitutional condition that there should have been implementation of a disclosure and consent procedure comparable to the magistrate judge system of the federal court pending special judicial election.  The clients and their attorneys (the defendants) claim they are being subjected to discriminatory retaliation for making valid and proper constitutional objections.

30.     Defendants claim that the regulatory and investigating actions against them is discriminatory and bias and is being conducted in a manner to intentionally cause harm to defendants, their clients, and the public interest.

Historical View of Public Employment of Judges of the Courts of Record

31.     In 1988 Hispanics in the County of Los Angeles filed a voting rights action seeking to redraw the district for the Los Angeles County Board of Supervisors.  They claimed that the boundaries were gerrymandered to dilute Hispanic voting strength.

Garza v. County of Los Angeles, 918 F.2d 763 (9th Cir. 1990) confirmed that the County had engaged in intentional discrimination vote dilution methods. The county is covered under the bail in mechanism under section 3 (c) of the Voting Rights Act.

32.     In the same year Garza was filed the California voters overwhelmingly passed proposition 97, a legislative constitutional amendment, to permit judges of the courts of record to accept part-time teaching positions.  The November 8, 1988 ballot pamphlet informed voters that public employment of a judge of the courts of record was prohibited and a constitutional amendment was needed to allow this limited exception for part time teaching.  (Exhibit 3).

33.     Two days after the election, on November 10, 1988, county counsel of the County of Los Angeles provided a legal opinion that judges of courts of record could remain county employees and officials or quasi officials in conflict with the state constitution. (Exhibit 4).  This opinion directly conflicted with the constitutional amendment just passed and existing provisions of the state constitution. See Cal. Const. Art VI § § 17, 21,  Alex v. County of Los Angeles, 35 Cal. App.3d 994 (Cal. 1973), Abbott v. McNutt, 218 Cal. 225 (Cal. 1933), Cal. Attorney General Opn 83-607, 66 Cal. Attorney General 440.

34.     County counsel went on to advise that even if the public employment was not authorized by statute, that the county could act "so long as the Board of Supervisors finds that there is a benefit to the County in doing so."  It claimed that "[i]t may be necessary for the Board of Supervisors to provide additional benefits for judges in the *future in order to maintain a high level of judicial competence and performance in this County*."  However, it was the voters, not the Board of Supervisors which elected the judges to office.  Two years later Garza was decided. Those in power feared that the judicial branch *would reflect* the

population of the state.  So, there began a push to unify the trial courts which would change voting in judicial elections from municipal districts to countywide elections.  The California Law Revision Commission warned *prior to trial court unification* that there could be serious violations of the Voting Rights Act particularly in large Counties such as Los Angeles.  The county then offered its unconstitutional financial "incentive" to have judges of the municipal court vote in favor of unification which would increase their compensation.

Voting Rights Class Action

35.     On March 21, 2012 and on the same day the Superior Court of the County of Los Angeles suspended it local rules and commenced suspending official court reporting services in civil cases,  the clients of the law office of defendant filed a case in the Eastern District, with class based allegations entitled:  *THE LAW OFFICES OF NINA RINGGOLD AND ALL CURRENT CLIENTS THEREOF on their own behalves and all similarly situated persons v. JERRY BROWN in his Individual and Official Capacity as Governor of the State of California and in his Individual and Official Capacity as Former Attorney General of the State of California; KAMALA HARRIS in her Individual and Official Capacity as Current Attorney General of the State of California,  COMMISSION ON JUDICIAL PERFORMANCE OF THE STATE OF CALIFORNIA as a state agency and constitutional entity, ELAINE HOWLE in her Individual and Official Capacity as California State Auditor and DOES 1-10, Defendants* (USDC 12-cv-00717 JAM-JFM).  The case involves claims, including but not limited to under the Civil Rights Act of 1866, the Voting Rights Act of 1965 as amended (42 U.S.C. § 1973),  the California Political Reform Act.  ("VRA" Case), and the California Whistleblower Protection Act (Cal. Govt Code § 8547 et. seq.).

36.    Clients of the law office (VRA members) are identified as representative voters in the State of California.  The case seeks relief as to the involuntary waiver of rights under federal law and the United States Constitution (including the Supremacy Clause), and California Constitution Article VI, Section 17 and 21 compelled by section 5 of SBX2 11.  The clients of the law office are not challenging judicial pay or seeking disciplinary action as appears indicated by opinions of the California Commission on Judicial Performance.[2]  Instead, they are seeking a monitored judicial election in local districts that existed before trial court unification under the Voting Rights Act of 1965 as amended, appointment of a three-judge court outside the State of California, appointment of independent counsel (of the office of the inspector general to provide an opinion), implementation of disclosure and consent procedures in all court proceedings, and other relief under federal civil rights law. As to the Commission on Judicial Performance the case is requesting that it make its opinions public and publish them on a public website. They are also seeking the appointment of a public trustee from the office of the inspector general.  The VRA Case also requests that independent funds be made available to the law office " for information and training and legal services in underrepresented communities and that portion of the funds come from the Sargent Shiver Civil Counsel Act or the California Community Services Block Grant Program."  The case is now pending in the United States Court of Appeals for the Ninth Circuit.  (USCA 9th Cir. 17-16269).

---

[2] The California Commission on Judicial Performance has twice requested a formal opinion from the State Attorney General.  The commissions' opinions forwarded to the Office of the State Attorney General dated April 3, 2009 and May 23, 2011 indicates that section 5 of SBX2 11 is unconstitutional.

37.     VRA members are racial and language minorities who today are expected to involuntarily waive rights pertaining to racial equality and the benefit of the Supremacy Clause due to the evitable outcome of years of intentional discrimination that deprived Californians of the ability to elect a qualified and diverse judiciary that reflects the population of the state.  VRA members and their counsel do not consent to make any involuntary waiver in pending state court proceedings and object to the lack of disclosure of the unconstitutional condition.

38.     The VRA Case also claims that the California Vexatious Litigant Statute has been discriminatorily applied as a form of viewpoint discrimination and retaliation and to bar access to the court as to federal claims.

Discriminatory and Bias In The Regulatory And Investigative Procedures/ And Void Disciplinary Charge

39.     The regulatory and investigative procedures of plaintiffs are in conflict with defendants' exercise of rights under the Civil Rights Act of 1866 and federal disability law and is intended to interfere with the exercise of rights protected under the Act.  This includes by intentionally interfering with defendant and clients effort to seek review in the United States Supreme Court.  And, attempting to have defendant involuntarily enrolled as an inactive member of the bar on the day that the opening brief was filed in the Ninth Circuit in the voting rights case.  This the tribunal has persistently acted when it lacks jurisdiction under federal law and when it is proceeding in a discriminatory manner by denying disability accommodation under rules and procedures not authorized by state or federal law and not authorized by rules and procedures established by the California Supreme Court or Board of Trustees.

40.     Plaintiffs have acted in bad faith to discourage the exercise of protected rights and failed to disclose or acknowledge the irreconcilable conflict caused by California Business and Professions Code Section 6001.1 and 6031 (b).

Irreconcilable Conflict Between California Business And Professions Code § 6100.1 And California Business And Professions Code §6031

41.     The State Bar Act was amended effective January 1, 2012 to add California Business and Professions Code § 6001.1.  For the first time it specified that protection of the public interest is paramount when other interests are sought to be promoted.

 Protection of the public shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. *Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount.*

42.     In conflict with California Business and Professions Code § 6001.1 and added to the State Bar Act in 1984 California Business and Professions Code § 6031 (b) states as follows:

*(b) Notwithstanding this section or any other provision of law, the board shall not conduct or participate in, or authorize any committee, agency, employee, or commission of the State Bar to conduct or participate in any evaluation, review, or report on the qualifications, integrity, diligence, or judicial ability of any specific justice of a court provided for in Section 2 or 3 of Article VI of the California Constitution without prior review and statutory authorization by the Legislature.*

43.     Section 6031 (b) is a prior restraint on speech.  A prior restraint on expression has a heavy presumption  against is validity.  See Carroll v. Princess Anne, 393 U.S. 175, 181 (1968); Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70 (1963).  Section 6031 requires the

State Bar to obtain a permit from the Legislature in order to evaluate, review, or report of matters pertaining to the member's defense if it has anything to do with the qualifications, integrity, diligence, judicial ability, of a justice. A permitting requirement is a prior restraint on speech which also bears a heave presumption against its constitutionality. See Forsyth County v. National Movement, 505 U.S. 123, 130 ( 1992), Berger v. City of Seattle, 569 F.3d 1029 (9th Cir. 2009). Section 6031 (b) regulates the content of speech. There no valid government interest or public interests in keeping void acts, breaches of public trust, or conduct which is not consistent with federal law or the United States or state constitution secret or bar use in a regulatory, investigator proceeding or in a disciplinary proceeding.

44. The legislative history of Section 6031 (b) is sparse. However, it is certainly linked to matters which ultimately led to the United States Supreme Court's decision in Keller v. State Bar of California, 47 Cal.3rd 1152 (1989), certiorari granted, 493 U.S. 806, reversed 496 U.S. 1 (1990). It is also related to the other racial and language minorities objecting to vote dilution methods (including in judicial elections) in the state. For example, one of the sparks for the "Keller disputes" and use of state bar dues was that the state bar had used funds to distribute materials to local bar associations in order to assist judges in their 1982 retention election campaigns. This was under the guise of financing a "public information project" but linked to a particular ideology. See Keller v. State Bar of California, 47 Cal. 1142, 1156-1157, 1171. The objection included the circulation of materials in 1982 expressing the idea that the only legitimate basis for refusing to retain a justice was incapacity or misconduct. Id. Then in 1984 Section 6031 (b) was born which prohibited the State Bar and members involved in disciplinary actions from addressing

these matters.  It is also indirectly related to the 1991 changes in the method by attorney could obtain review of proceedings in the State Bar Court.

California Senate Bill 731, California Legislature's Rejection Of Expansion Of CCP § 391.7 To Include Represented Parties Or Attorneys

45.    In retaliation for representation of clients on matters which relate to judicial conduct in contradiction to express statutory authority Ringgold was deemed a vexatious litigant in the first instance in a state appellate court. This then sprawled and appeared to encompass clients of the law office, any attorney appearing to be associated with the clients, or any persons associated with the VRA case.  This was irrespective of whether a motion had been filed in the trial court to make such determination.

46.    California Senate Bill 731 ("SB  731") confirms that prior to January 1, 2012 a justice of a state appellate court did not have jurisdiction to enter a vexatious litigant order in the first instance in the appellate court.

47.    Prior to SB 731, CCP § 391.7 only allowed a judge to enter a prefiling order.  It did not authorize a "justice" or "presiding justice" (a) to act in the first instance in the state appellate court, (b) without a right of appeal, (c) without a statutory due process motion for security.

48.    SB 731 was not effective until January 1, 2012 and at this point it adds the words "presiding justice."  To the present date CCP § 391.7 it does not apply to persons who are not in propria persona, does not allow vexatious litigant determination to be made in the first instance in a state appellate court, it does not apply to represented parties, does not apply to attorneys who happened to be representing other co-parties in a case, does not apply to represented or non-represented parties never determined to be vexatious litigants by a statutory due process motion for security filed in the trial court by

a defendant.[3]  It does not allow the targeting of certain persons who will not be allowed appellate review of an initial vexatious litigant determination.  It does not apply when there is no new litigation.

49.     The California Vexatious Litigant Statute does not apply to attorneys.  See Shalant v. Girardi, 51 Cal.4th 1164 (Cal. 2011), Weissman v. Quail Lodge, Inc. 179 F.3d 1194 (9th Cir. 1999) (the vexatious litigant doctrine was never intended to control an attorney's conduct.).

50.     The California Legislature did not make SB 731 retroactive.  It did not state it was "clarifying" any prior law.  SB 731 was not urgent legislation.  It plainly changes the law on its effective date January 1, 2012.  The void orders entered, in the absence of statutory authority prior to January 1, 2012, remain void.

51.     The California Legislature squarely rejected the attempt to expand the California Vexatious Litigant Statute to persons represented by counsel and attorneys. (See California Senate Bill 603 "SB 603).

52.     Ultimately plaintiffs have no legitimate basis to claim that pursuit of claims under the Civil Rights Act of 1866 or federal rights are an unjust cause.  Because the entirety of the conduct as to the vexatious litigant issue solely relates to "justice" misconduct

Double Jeopardy

53.     There is no authority which allows a represented party or an attorney practicing law in the normal course of their profession to be deemed a vexatious litigant. Therefore, the only construction of application of CCP § 391.7 or any provision of the

---

[3] See Flores v. Georgeson, 191 Cal.App.4th 881 (Cal. 2011).

statute to defendants is by contempt.[4]  As discussed above with respect to SB 731 and 603, there never existed jurisdiction for the order against Ringgold in the first instance in the state appellate court for this order to be morph into a vexatious litigant order or pre-filing order against clients of the law office or counsel of a separate law office.

54.     The plaintiffs seek to re-impose an alleged contempt in violation of the Fifth Amendment (double jeopardy) under a different label.  See Sanabria v. United States, 437 U.S. 54 68 (1978)(bar further prosecution on any aspect of same count and bars appellate review of trial court error), Crist v. Bretz, 437 U.S. 28, 33038 (1978) (Fifth and Fourteenth Amendment is applicable), Burks v. United States, 437 U.S. 1, 11 (1978) (double jeopardy forbids a second trial for purpose of allowing prosecution another chance).  At the same time, plaintiffs are aware that Ringgold would be prohibited from presenting a defense because the prosecutor is barred from evaluating evidence pertaining to a "justice".  Defendants are entitled to the due process and process protections afforded by law.  See Wanke, Industrial, Commercial, Residential, Inc. v. Keck (2012) 209 Cal.App.4th 1151, 1162-1174 (contempt proceedings can be initiated by the court, the government, or a private party); Conn v. Superior Court (1987) 196 Cal.App.3d 774, 784 (for contempt, one needs a valid order); People v. Gonzalez (1996) 12 Cal.4th 804, 816-817 ["this type of proceeding is considered quasi-criminal").  At the same time they conceal favorable evidence to obtain a certain result.  (Exhibit 1).

## APPLICABLE STANDARDS

---

[4] In fact, if construed as such, there has been an acquittal on two occasions:  May 12, 2010 and August 2, 2010. (that the order was inapplicable to Ringgold as an attorney).

55.   **Pleading Standard And Request for Evidentiary Hearing.**   A defendant is not required to produce evidence on filing a notice of removal.   A notice of removal only requires a "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446 (a) adopts a notice pleading standard from Rule 8 of the Federal Rules of Civil Procedure. See White v. Wellington, 627 F.2d 582, 588 (2nd Cir. 1980), Rachel v. State of Georgia, 342 F.2nd 336, 340 (5th Cir. Aff'd, 384 U.S. 780 (1966); Dart Cherokee Basin Operating Company, LLC v. Owens, 135 S.Ct. 547, 551 (2014).   An evidentiary standard is not applicable and defendant requests an evidentiary hearing as to this removal.

56.   **Civil Rights Act of 1866.**   Section 1 and 3 1866 Civil Rights Act allows for removal when a person cannot obtain the full and equal benefit of all laws and proceedings for the security of persons and property (as enjoyed by white citizens). It bars discriminatory penalties under any state law, statute, ordinance, regulation, or custom.   It allows removal by writ, habeas corpus, or other proceeding when the rights under Section 1 of the Civil Rights Act of 1866 cannot be enforced.   Section 3 has a refusal to Act Clause. Section 3 of the 1866 Act states that it applies to "all causes… affecting persons who are denied or cannot enforce [1] 'in the courts' or [2] 'judicial tribunals of the State' or [3] 'locality' where they may be any of the rights secured by them in the first section of this act….".   The statute itself states that a "cause may be removed"

57.   **Refusal to Act under Section 3 of the 1866 Act and 28 U.S.C. § 1443 (2).** Here, removal is under the Refusal to Act Clause under both statutes. The Supreme Court as well as other Courts of Appeal following the guidance of the court have determined that the Refusal to Act Clause of § 1443 (2) applies to state officers.  (and in this case state officers of the court who are charged with the duty to uphold the federal and state

constitution and federal laws pertaining to equal civil rights).  In <u>City of Greenwood v.</u> <u>Peacock</u>, 384 U.S. 808, 824 fn 22 the Supreme Court determined that that case did not involve the Refusal to Act Clause.  However, the court determined that under the Refusal to Act Clause under 28 U.S.C. § 1443 (2) that removal was available to state officers.  Id 824 fn 22.   See  *Common Cause* supra, <u>White v. Wellington</u> supra, <u>Greenberg v. Veteran,</u> 889 F.2d 418 (2ⁿᵈ Cir. 1989), <u>Detroit Police Lts and Sgts Ass'n v. City of Detroit</u>, 587 F.2d 556 (6h Cir. 1979), <u>Maze v. Tennessee ,</u> 2015 WL 3989125 (M.D. Tenn 2015).

58.   **28 U.S.C. § 1443 (1).**  The United States Supreme Court in <u>Georgia v. Rachel</u>, 384 U.S. 780, 792 (1966) held that the phrase "any law providing for the equal rights of citizens of the United States" means any law providing for specific civil rights stated in terms of racial equality. The Court of Appeal for the Ninth Circuit has developed a two prong standard. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights….Second, petitioners must assert that the state courts will not enforce that right, and that allegations must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9ᵗʰ Cir. 1971); <u>Patel v. Del Taco</u>, 446 F.3d 996, 998-999 (2006).  In <u>Georgia v. Rachel</u> the United States Supreme Court held that even without a formal expression of state law that removal under 28 U.S.C. § 1443 is proper when a facially neutral state law conflicts with federal statutes protecting equal racial civil rights. <u>Id.</u> at 804-805.

59.   **28 U.S.C. § 1441/1331.**  The State Legislature has affirmatively determined that proceedings including those that are in non courts of record (like the State Bar Court) or court of record (like the Supreme Court of California) are civil actions or proceedings

which the issue involves the California Vexatious Litigant Statute.  Additionally there is a valid legal position of first impression concerning 28 U.S.C. § 1441 with respect to matters concerning civil rights removal statutes.

60.    <u>Recusal/Disqualification</u>  Defendant maintains that judicial officers that have a financial or general interest in the voting rights case. Should recuse themselves from the case.  This includes federal judges who were former state court judges during and after trial court unification in the State of California courts who are the subject of fines and/or penalties under the claims asserted in the voting rights case.  28 U.S.C. § 455 (a), 445 (b) (1), (b)(4), (b) (5)(iii), and Fourteenth Amendment.

**ORGINAL AND REMOVAL JURISDICTION UNDER**
**THE CIVIL RIGHTS ACT OF 1866**
(Thirty-Ninth Congress, Sess. I. Ch. 31, April 9, 1986, An Act to protect all Persons in the United States in their Civil Rights, and furnish the Means of their Vindication)

61.    All preceding paragraphs and subsequent paragraphs are incorporated by reference.

62.    The Civil Rights Act of 1866 is grounded in the Thirteenth Amendment (unlike the Civil Rights Act of 1964).  It states in pertinent part:

63.    **Section 1**

"That all persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are hereby to be citizens of the United States; and such citizens, of every race and color, without regard to any previous condition of slavery or involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall have the same right, in every State and Territory in the United States, ***to make and enforce contracts, to sue, be parties, and give evidence***, *to inherit, purchase, lease, sell, hold, and convey real and personal property, and* ***to full and equal benefit of all laws and proceedings*** *for the security of person and property, as is*

*enjoyed by white citizens, and **shall be subject to like punishment, pains, and penalties, and to none other, any law, statute, ordinance, regulation, or custom, to the contrary notwithstanding**.*"

64. **Section 3**

"That the ***district courts of the United States***, within their respective districts, shall have, ***exclusively of the courts of the several States***, cognizance of all crimes and offences committed against the provisions of this act, and also, ***concurrently with the circuit courts of the United States, of all causes, civil and criminal, affecting persons who are denied or cannot enforce in the courts or judicial tribunals of the State or locality where they may be any of the rights secured to them by the first section of this act; and if any suit or prosecution, civil or criminal, has been or shall be commenced in any State court, against any such person, for any cause whatsoever, or against any officer***, civil or military, ***or other person***, for any arrest or imprisonment, trespasses, ***or wrongs*** done or committed by virtue or under color of authority derived from this act or the act establishing a Bureau for the relief of Freedmen and Refugees, and all acts amendatory thereof, ***or for refusing to do*** any act upon the ground that it would be inconsistent with this act, ***such defendant shall have the right to remove such cause for trial to the proper district or circuit court in the manner prescribed by the 'Act relating to habeas corpus and regulating judicial proceedings in certain cases,'*** approved March three, eighteen hundred and sixty-three, and all acts amendatory thereof.  ***The jurisdiction in civil*** and criminal ***matters hereby conferred on the district and circuit courts of the United States shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect***; but in all cases where such laws are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offences against law, the common law, as modified and changed by constitution and statute of the State wherein the court having jurisdiction of the cause, civil or criminal, is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern said courts in the trial and disposition of such cause, and, if of a criminal nature, in the infliction of punishment on the party found guilty."

65. The conduct alleged herein violates Section 1 of the Act and this court has original jurisdiction exclusive of the state court.  Defendants have the right to remove the proceedings to this court with respect to conduct in violation of the act and due to their refusal to act inconsistent with the act (i.e. by acquiescing to an involuntary waiver of federal rights including rights protected under the Supremacy Clause).

66. The court also has independent jurisdiction under the Supremacy Clause, 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a)(1)-(4).

**REMOVAL UNDER THE REFUSAL TO ACT CLAUSE OF § 3 OF THE CIVIL RIGHTS ACT OF 1866 AND  28 U.S.C. § 1443 (2)**

67. All preceding paragraphs and subsequent paragraphs are incorporated by reference.

68. Both civil rights acts allow removal under a Refusal to Act Clause.  The Refusal to Act Clause of § 3 of the Civil Rights Act of 1866 applies to both persons or any officers. (jurisdiction exists "of all causes, civil and criminal, affecting *persons* who are denied or cannot enforce in the courts or judicial tribunals of the State or locality where there may be any of the rights secured by them by the first section of this act… *or* against *any officer*….).

69. Defendants refuse to involuntarily waive their rights under federal law.  Attorneys as officers of the court are an essential tool to effectuate the enforcement of Section 5 of SBX2 11 by their action or inaction.  They have a mandatory duty to uphold the constitution and to advise their clients whether to agree to a waiver of rights before proceeding before judge pro tempore (i.e. here a judge subject to self-effectuating constitutional resignation).  The California Supreme Court Committee on Judicial

22

Ethics Opinions recently addressed Cal. Constitution Art. VI § 17 lending support to the argument of the defendant and members of the VRA case that a constitutional resignation has occurred, which warrants the judicial election sought in the VRA case. (May 2017 CJEO Formal Opinion 2017-011).

## REMOVAL UNDER 28 U.S.C. § 1443 (1)

**A.  IDENTIFICATION OF FEDERAL LAW PERTAINING TO EQUAL CIVIL RIGHTS**

70. **Civil Rights Act of 1866, 42 U.S.C. § 1981, Thirteenth Amendment**

42 U.S.C. Section 1981 states:

a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(e) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

71. **Civil Rights Act of 1871 also known as the "Ku Klux Klan Act", 42 U.S.C. § 1983, Fourteenth Amendment**

Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

72. **Civil Rights Act of 1871 also known as the "Ku Klux Klan Act", 42 U.S.C. § 1983, Fifth Amendment (Double Jeopardy)**

The Double Jeopardy Clause aims to protect against the harassment of an individual through successive prosecutions of the same alleged act, to ensure the significance of an acquittal, and to prevent the state from putting the defendant through the emotional, psychological, physical, and financial difficulties that accompany multiple proceedings for the same alleged offense.

73. **Civil Rights Act of 1871 also known as the "Ku Klux Klan Act", 42 U.S.C. § 1983, Fifteenth Amendment (Voting), Voting Rights Act of 1965 As Amended**

As discussed above, plaintiffs intent is to interfere with defendants and their clients right to proceed with the VRA Case.

74. **Civil Rights Act of 1871 also known as the "Ku Klux Klan Act",**
    **42 U.S.C. § 1985, Fourteenth Amendment**

42 U.S.C. Section 1985 states:

Conspiracy to interfere with civil rights

(1) Preventing officer from performing duties
If two or more persons in any State or Territory conspire to
prevent, by force, intimidation, or threat, any person from accepting or
holding any office, trust, or place of confidence under the United
States, or from discharging any duties thereof; or to induce by like
means any officer of the United States to leave any State, district, or
place, where his duties as an officer are required to be performed, or
to injure him in his person or property on account of his lawful
discharge of the duties of his office, or while engaged in the lawful
discharge thereof, or to injure his property so as to molest, interrupt, hinder,
or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror
If two or more persons in any State or Territory conspire to deter,
by force, intimidation, or threat, any party or witness in any court of the
United States from attending such court, or from testifying to any
matter pending therein, freely, fully, and truthfully, or to injure such
party or witness in his person or property on account of his having so
attended or testified, or to influence the verdict, presentment, or
indictment of any grand or petit juror in any such court, or to injure
such juror in his person or property on account of any verdict,
presentment, or indictment lawfully assented to by him, or of his being or
having been such juror; or if two or more persons conspire for the purpose of
impeding, hindering, obstructing, or defeating, in any manner, the due
course of justice in any State or Territory, with intent to deny to any citizen

the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

75. **Civil Rights Act of 1964 (Pub.L. 88-352, Title II §§ 201 (a), 202, 203, 42 U.S.C. § 2000a, 2000a-1, 2000a-2)**

42 U.S.C. § 2000a, states:

Prohibition against discrimination or segregation in places of public accommodation

(a) Equal access

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin…

(d) Support by State action

Discrimination or segregation by an establishment is supported by State action within the meaning of this subchapter if such discrimination or segregation (1) is carried on under color of any law, statute, ordinance, or regulation; or (2) is carried on under color of any custom or usage required or enforced by officials of the State or political subdivision thereof; or (3) is required by action of the State or political subdivision thereof.

42 U.S.C. § 2000a-1, states:

Prohibition against discrimination or segregation required by any law, statute, ordinance, regulation, rule or order of a state or state agency

All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof.

42 U.S.C. § 2000a-2 states

Prohibition against deprivation of, interference with, and punishment for exercising rights and privileges secured by section 2000a or 2000a-1 of this title

No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or

attempting to exercise any right or privilege secured by section 2000a or 2000a-1 of this title.

76. **Civil Rights Act of 1964 (Pub.L. 88-352, Title VI § 601, 42 U.S.C. § 2000d)**

Section 601 provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

77. **Violation of Americans with Disabilities Act of 1990 (ADA), ADA Amendments Act of 2008, (Title 42, Chapter 126, USC § 12101 et. seq.) 504 of the Rehabilitation Act (29 U.S.C. § 701 et seq.)  and HIPPA. As Method to Intimidate and Harass Persons Involved In the Voting Rights Case and To Target Harm to Racial Minorities Associated with the Voting Rights Case**

By refusing to comply with federal disability law differently than non-white persons.  Attempting to intimidate defendant and others by as a form of intimidation.

78. **42 U.S.C. § 1983 (18  U.S.C. § 241 (Conspiracy against rights))**

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or …They shall be fined under this title or imprisoned not more than ten years, or both….

79. **42 U.S.C. § 1983 (18 U.S.C. § 242 (Deprivation of Rights Under Color of Law))**

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United

States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both…..

80. **42 U.S.C. § 1983 (18 U.S.C. 245 Federally Protected Rights)**

   **(a)**

        **(1)….**

        **(2)….**

   **(b)** Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—

        **(1)** any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—

        **(B)** participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States;…

        **(C)** participating in or enjoying the benefits of any program or activity receiving Federal financial assistance; or

        **(2)** any person because of his race, color, religion or national origin and because he is or has been—
   ….

        **(B)** participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof; ….

        **(4)** any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—

        **(A)** participating, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described

in <u>subparagraphs</u> (1)(A) through (1)€ or subparagraphs (2)(A) through (2)(F); or

      **(B)** affording another person or class of persons opportunity or protection to so participate; or

      **(5)** any citizen because he is or has been, or in order to intimidate such citizen or any other citizen from lawfully aiding or encouraging other persons to participate, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)€ or subparagraphs (2)(A) through (2)(F), or participating lawfully in speech or peaceful assembly opposing any denial of the opportunity to so participate—
shall be fined under this title, or imprisoned not more than one year, or both….

The conduct as described herein is intended to intimidate defendants from attempting to participate in court proceedings without discrimination.

    **B.**    **Defendants Are Denied Or Cannot Enforce In The State Court Rights Under Federal Law That Protect Equal Civil Rights, And The Application Of A Facially Neutral State Law, Conflicts With Federal Law**

81.  All preceding paragraphs and subsequent paragraphs are incorporated by reference.

82. Although the proceedings were advanced, in part, through a facially neutral state statute, they produce or perpetuate a racially discriminatory result.  See  <u>White v. Wellington</u> supra. (Removal is proper when state law, though facially neutral, would produce or perpetuate a racially discriminatory result as applied.)

83.  **All of Rogue Rules and Procedures posted on the State Bar Court Website with were not approved by the California Supreme Court or Board of Trustee and Purported to be Modifications of California Rule of Court Rule 1.100.**

Non judicial personal posted and used unauthorized rules and procedures in a manner which would bar all attorneys with disabilities from obtaining court rule of denial of disability accommodation – UNLIKE ANY OTHER PERSON WITH DISABILITY IN THE STATE.

84. **Cal. Business And Professions Code § 6031**

(See Above)

85. **California Code of Civil Procedure, Title 3A Vexatious Litigants Section 391-391.7 (As Existed at Time entry).**

**391.**  As used in this title, the following terms have the following meanings:
(a) "Litigation" means any civil action or proceeding, commenced, maintained or pending in any state or federal court.
(b) "Vexatious litigant" means a person who does any of the following:
(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in *propria persona* at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in *propria persona*, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
(3) In any litigation while acting in *propria persona*, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.
(c) "Security" means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.

(d) "Plaintiff" means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in *propria persona*.

(f) "Defendant" means a person (including corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained.

**391.1.**  In any litigation pending in any court of this state, at any time until final judgment is entered, *a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security.* The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.

**391.2.**  At the hearing upon such motion the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion. *No determination made by the court in determining or ruling upon the motion shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof.*

**391.3.**  If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix.

**391.4.**  When security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished.

**391.6.**  When a motion pursuant to Section 391.1 is filed prior to trial the litigation is stayed, and the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security has been furnished and the moving defendant given written notice thereof. When a motion pursuant to Section 391.1 is made at any time thereafter, the litigation shall be stayed for such period after the denial of the motion or the furnishing of the required security as the court shall determine.

**391.7.**  (a) In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in *propria persona* without first obtaining leave of the *presiding judge* of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court.

(b) The *presiding judge* shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The *presiding judge* may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3.

(c) The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the *presiding judge* permitting the filing. If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a). The filing of the notice shall automatically stay the litigation. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding judge permitting the filing of the litigation as set forth in subdivision (b). If the *presiding judge* issues an order permitting the filing, the stay of the litigation shall remain in effect, and the defendants need not plead, until 10 days after the defendants are served with a copy of the order.

(d) For purposes of this section, "litigation" includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code or Probate Code, for any order.

(f) The clerk of the court shall provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a). The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the clerks of the courts of this state.

86. **Section 5 SBX2 11 versus the Supremacy Clause, California Const Article VI § 17, California Constitution Article VI § 21.**

87. Section 5 of Senate Bill x211 ("SBX2 11") requires and involuntary waiver of federal rights and states:

SEC. 5. *Notwithstanding any other law*, no governmental entity, or officer or employee of a governmental entity, shall incur any liability or be subject to prosecution or disciplinary action because of benefits provided to a judge under the official action of a governmental entity prior to the effective date of this act on the ground that those benefits were not authorized under law.

88. Section 17 of the California Constitution states:

> A judge of a court of record may not practice law and during the term for which the judge was selected is ineligible for public employment or public office other than judicial employment or judicial office, except a judge of a court of record may accept a part-time teaching position that is outside the normal hours of his or her judicial position and that does not interfere with the regular performance of his or her judicial duties while holding office.  A judge of a trial court of record may, however, become eligible for election to other public office by taking a leave of absence without pay prior to filing a declaration of candidacy.  Acceptance of the public office is a resignation from the office of judge.

> A judicial officer may not receive fines or fees for personal use.

> A judicial officer may not earn retirement service credit from a public teaching position while holding judicial office.

89. Section 21 of the California Constitution states:

> On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause.

90. The persons conducting the proceedings in the state court never disclosed the fact that they were engaged in public employment and office in violation of California Constitution Article VI § 17.  The clients of defendants and defendants do not consent to participate in the proceedings in the state court without proper disclosure and written consent as mandated by the California constitution.  Rooney v. Vermont Investment Corporation, 10 Cal.3d 351 (Cal. 1973).  Clients and defendants claim that the unconstitutional condition was created to further a discriminatory condition and the outcome as a discriminatory and disparate impact on racial and language

minorities who need to use the court services.  Defendants claim that section 5 of SBX2

11 is complete contradiction to the Civil Rights Act of 1866 and the federal civil rights

identified above.

91. **California Rule of Court, Rule 9.16**

Rule 9.16. Grounds for review of State Bar Court decisions in the Supreme
Court

(a) Grounds

The Supreme Court will order review of a decision of the State Bar Court
recommending disbarment or suspension from practice when it appears:

(1) Necessary to settle important questions of law;

(2) The State Bar Court has acted without or in excess of jurisdiction;

(3) Petitioner did not receive a fair hearing;

(4) The decision is not supported by the weight of the evidence; or

(5) The recommended discipline is not appropriate in light of the record as a
whole.

(b) Denial of review

92. Denial of review of a decision of the State Bar Court is a final judicial
determination on the merits and the recommendation of the State Bar Court
will be filed as an order of the Supreme Court.

93. **March 21, 2012 Resolution Re Suspension Of Local Rules, May 1, 2020 General Order
Re Suspension Of Local Rule, February 20, 2013 Resolution Re Temporary
Suspension Of Local Rules, September 25, 2013 General Order Prohibiting Use Of
Cameras (Recording Devices), Notice To Attorneys Thereof, And Related Rules Or
Orders Concerning Availability Of Official Court Reporters**

94. Defendants are involuntarily forced to waive federal rights to racial equality in
proceedings in which there is a lack of access to official court reporters and the
participants are prevented from recording the proceedings by other means.

**INDEPENDENT PETITION FOR WRIT OF HABEAS CORPUS**

95. Defendants properly seek a writ of habeas corpus.  Imprisonment is not required.  Here

defendants and their clients claim they are being unlawfully detained in the proceedings proceeding without jurisdiction.  There is no procedure in place to allow consent or dismissal without prejudice (with tolling of the statute of limitations).  Instead, there exist a proceeding where there is an involuntary forfeiture of fundamental rights.

### INDEPENDENT PETITION FOR WRIT OF QUO WARRANTO

96. Defendants properly seek a writ of quo warranto because there is no authority which allowed plaintiffs to proceed with regulatory and investigating function when the alleged enforcement division has no ability to consider the defenses of the defendants and is statutorily is barred from evaluation or review of the defense.  The Civil Rights Act 1866 prohibits such enforcement and as applied it impairs the rights under the Act, the First, and Fourteenth Amendment of defendants and their clients.  Defendants have no enforcement authority over void proceedings or proceedings in violation of Double Jeopardy of the Fifth Amendment

### INDEPENDENT PETITION TO REOPEN

97. The one year limitation to seek relief under Rule 60 is not applicable.  This limitation period does not apply to petitions under Rule 60 (b)(3), (4), (6) or Rule 60 (d).  A court may grant relief under Rule 60 (b)(6) when there are extraordinary circumstances or extreme undue hardship.  It is to be liberally construed to accomplish justice or when substantial justice will be served.  See Molloy v. Wilson, 878 F.2d 313, 316 (9th Cir. 1989), Le Blanc v. Cleveland, 248 F.3d 95, 100 (2nd Cir. 2001).  Additionally, defendants reasonably allege that there was extrinsic fraud or the proceedings that were created in

violation of removal jurisdiction from the petition filed on March 23, 2015 are void and violate the Supremacy Clause of the United States Constitution.

### APPLICATION FOR RELIEF UNDER THE ALL WRITS ACT

98. Because subject matter jurisdiction is not lacking, and there are matters before the court within the court's original jurisdiction under 28 U.S.C. § 1651 this court may issue all writs necessary or appropriate and in aid of its jurisdiction.  See <u>Yonkers</u> *supra.*

Dated:  April 29, 2021


Respectfully Submitted,


By:  s/ Nina R. Ringgold

### ATTACHMENT

| Exhibit No. | Date | Item |
| --- | --- | --- |
| 1 | 7/13/15 | Provisional Response Of Respondents Under Protest Based On Lack Of  Fundamental Jurisdiction; Lack Of Completion Of Timely Requested ENEC; Irreconcilable Conflict Between Cal. B & P Code Sec. 6031 (b) And Cal B & P Code Sec. 6001.1; And On Other Grounds |
| 2 | 2/2/16 | Express Reservation of Rights in these non-judicial proceedings and any other related of further proceedings of any nature |
| 3 | 9/9/20 | Order entering default while defendant seeking accommodation for disability during medical emergency (and national pandemic) |
| 4 | 10/14/20 | Petition for Disbarment after default |
| 5 | 1/5/21 | Response To Petition For Disbarment After Default; |

| | | And To Vacate Default On Grounds, Including But Not Limited To, Lack Of Jurisdiction; And Request For Stay |
|---|---|---|
| 6 | 4/12/21 | Decision And Order Of Inactive Enrollment |

# EXHIBIT 1

NINA R. RINGGOLD, ESQ. (SBN 133735)
LAW OFFICE OF NINA RINGGOLD
9420 Reseda Blvd. #361
Northridge, CA 91324
Telephone: (818) 773-2409, Facsimile: (866) 340-4312
Attorney for Nina Ringgold, Esq. and Law Offices of Nina Ringgold

AMY P. LEE, ESQ. (SBN 222013)
LAW OFFICES OF AMY P. LEE
428 South Atlantic Blvd Suite 312
Monterey Park, CA 91754
Telephone: (626) 768-3286, Facsimile: (626) 768-3296
Attorney for Amy P. Lee, Esq. and Law Offices of Amy P. Lee

## STATE BAR COURT

## HEARING DEPARTMENT- LOS ANGELES

| IN THE MATTER OF | Case Nos: 09-0-13090; 10-0-05197; 13-0-12272; 14-0-00523; 14-0-00524; 14-0-03667 |
|---|---|
| NINA R. RINGGOLD Member No. 133735 | PROVISIONAL RESPONSE OF RESPONDENTS UNDER PROTEST BASED ON LACK OF FUNDAMENDAL JURISDICTION; LACK OF COMPLETION OF TIMELY REQUESTED ENEC; IRRECONCILABLE CONFLICT BETWEEN CAL. B & P CODE SEC. 6031 (b) AND CAL B & P CODE SEC. 6001.1; AND ON OTHER GROUNDS |
| And | |
| AMY P. LEE Member No. 222013 | |
| Constitutionally Mandated Members of the California State Bar (Cal. Const. Art. VI § 9) | |

**TO THE HEARING DEPARTMENT OF THE STATE BAR COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:**

Preserving all available defenses under state and federal law, respondents Nina R. Ringgold ("Ringgold") and Amy P. Lee ("Lee") respond to the void Notice of Disciplinary Charges filed on March 23, 2015 ("Charge") by the State Bar of California ("State Bar"):

## I.
## PRELIMINARY MATTERS

<u>LACK OF JURISDICTION OF THIS PROCEEDING</u>

1.   On March 23, 2015 respondent Ringgold filed a Notice and Petition for Removal under § 3, § § 1-10 of the Civil Rights Act of 1866, 28 U.S.C. § 1443, 28 U.S.C. § 1441 (28 U.S.C. § 1331); Petition under the All Writs Act (28 U.S. C. § 1651), and for relief based on Writ of Quo Warranto, Habeas Corpus, or Other Appropriate Relief in the United States District Court for the Central District of California.  Respondent Lee subsequently joined in this petition.  Matters pertaining to this petition are still pending in the District Court.

2.   The March 23, 2015 notice of disciplinary action was filed in violation of 28 U.S.C. § 1446 (d) and the jurisdiction of the federal court.

3.   There was a partial remand order entered.  However, the clerk of the United States District Court for the Central District of California did not transmit by mail to the State Bar Court a certified copy of the remand order and there is no certified copy of remand order from this clerk filed in this case.  It is this transmittal and filing that effectuates a remand order.

4.   The General Counsel's office of the State Bar may not attempt to act as a substitution agent for the clerk of the United States District Court for the Central District of California.

5.   There cannot be a remand from the United States District Court for the Central District of California to the State Bar Court because respondents never removed any proceeding from the State Bar Court.  Respondents removed from an Early Neutral Evaluation Conference which was

not complete after discovery of significant institutional conflicting interests which impair the respondents rights, the rights of their clients, and the rights of the general public.

## LACK OF COMPLIANCE WITH THE ENEC

6.   The respondents timely filed a request for an Early Neutral Evaluation Conference ("ENEC").

7.   The ENEC has not been conducted or completed.

8.   The State Bar was prohibited from filing the notice of disciplinary charge when respondents had a right to an ENEC.

## IRRECONCILIABLE CONFLICTING INTERESTS

9.   There are irreconciliable conflicting interests which prohibit these proceedings from going forward and indicate that this cannot be a fair administrative tribunal.

10. California Business and Professions Code § 6031 (b) which states:

> Notwithstanding this section or any other provision of law, the board shall not conduct or participate in, or authorize any committee, agency, employee, or commission of the State Bar to conduct or participate in any evaluation, review, or report on the qualifications, integrity, diligence, or judicial ability of any specific justice of a court provided for in Section 2 or 3 of Article VI of the California Constitution without prior review and statutory authorization by the Legislature.

11. This provision conflicts with the amended State Bar Act effective January 1, 2012. The new provision added, California Business and Professions Code Section 6001.1, for the first time it specified when other interests were inconsistent with the public interest that the public interest was paramount.

> Protection of the public shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. *Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount.*

2

*(Added by Stats. 2011, Ch. 417, Sec. 1. Effective January 1, 2012.)*

12. Because the defenses of respondents concern the evaluation, review, or report on the qualifications, integrity, diligence, or judicial ability of a specific justice(s) of a court provided for in Section 2 or 3 of Article VI of the California Constitution, this court and the State Bar by law require statutory authorization by the Legislature.

13. In a discriminatory and retaliatory manner the regulatory proceedings and the void disciplinary charge are inconsistent with California Business and Professions Code Section 6001.1.

14. Respondents refuse to betray the United States and California Constitution, their clients' interests, and the public interests by concealing misconduct including "justice" or "judge" misconduct or conduct which impairs the rights of the primary client base of the law office which include racial and language minorities and the most vulnerable populations in the State of California.

**OBJECTION TO CONSOLIDATED CHARGE FOR TWO DIFFERENT LAW OFFICES**

15. Respondents are attorneys in two separate law offices and do not have the same clients.  They never agreed to consolidation of the March 23, 2015 charge.

16. Respondents object to the consolidation and prejudicial and misleading and further part of the discriminatory and retaliatory conduct.

**GENERAL DENIAL**

17. Respondents deny generally and specifically, all and singular, each and every allegation of the Complaint; deny that they are culpable, negligent, willful, and/or careless or otherwise at fault in and about the matters alleged in said Charge; and further denies that they should be suspended, disbarred, or otherwise punished for legal actions taken on their behalf and/or on behalf of their client(s) since all such legal actions had supporting factual evidence and supporting legal authority, and thus had "merit" and consistent with the California Constitution, United States Constitution, and applicable state and federal law.

**JURISDICTION**

18. Answering paragraph 1, respondent Ringgold admits she was admitted to practice law in California on or about June 16, 1988; was and has been a member of the State Bar from then until now; and is currently and has always been a member of the State Bar.

19. Answering paragraph 2, respondent Lee admits she was admitted to practice law in California on or about December 4, 2012; was and has been a member of the State Bar from then until now; and is currently and has always been a member of the State Bar.

20. Respondents deny that jurisdiction exists in this action.

21. Respondents deny that this department may hear and consider the defenses of respondents due to the irreconcilable conflicts specified above.

## II.
## MYER SANKARY V. THE AUBRY FAMILY TRUST

### COUNT ONE
### (Case No. 09-O-13090)
### Business and Professions Code, Section 6068 (c))
### [Maintaining an Unjust Action]
### [RESPONDENT RINGGOLD]

22. Answering paragraph 3, respondent denies each and every allegation therein.

### COUNT TWO
### (Case No. 09-O-13090)
### Business and Professions Code, Section 6103)
### [Failure to Obey A Court Order]
### [RESPONDENT RINGGOLD]

23. Answering paragraph 4, respondent denies each and every allegation therein.

### COUNT THREE
### (Case No. 09-O-13090)
### Business and Professions Code, Section 6103)
### [Failure to Obey A Court Order]
### [RESPONDENT RINGGOLD]

4

24. Answering paragraph 5, respondent denies each and every allegation therein.

**COUNT FOUR**
**(Case No. 09-O-13090)**
**Business and Professions Code, Section 6103)**
**[Failure to Obey A Court Order]**
**[RESPONDENT RINGGOLD]**

25. Answering paragraph 6, respondent denies each and every allegation therein.

**COUNT FIVE**
**(Case No. 09-O-13090)**
**Business and Professions Code, Section 6103)**
**[Failure to Obey A Court Order]**
**[RESPONDENT RINGGOLD]**

26. Answering paragraph 7, respondent denies each and every allegation therein.

**COUNT SIX**
**(Case No. 09-O-13090)**
**Business and Professions Code, Section 6103)**
**[Failure to Obey A Court Order]**
**[RESPONDENT RINGGOLD]**

27. Answering paragraph 8, respondent denies each and every allegation therein.

**COUNT SEVEN**
**(Case No. 09-O-13090)**
**Business and Professions Code, Section 6068 (0)(3))**
**[Failure to Report Judicial Sanctions]**
**[RESPONDENT RINGGOLD]**

28. Answering paragraph 9, respondent denies each and every allegation therein.

**COUNT EIGHT**
**(Case No. 09-O-13090)**
**Business and Professions Code, Section 6104**
**[Appearing for Party Without Authority]**
**[RESPONDENT RINGGOLD]**

29. Answering paragraph 10, respondent denies each and every allegation therein.

**COUNT NINE**
**(Case No. 09-O-13090)**
**Business and Professions Code, Section 6106**
**[Moral Turpitude]**
**[RESPONDENT RINGGOLD]**

30. Answering paragraph 11, respondent denies each and every allegation therein.

## III.
## CANON BUSINESS SOLUTIONS ET AL. V. ASAP COPY AND PRINT
## GENERAL ELECTRIC CAPITAL CORP V. ASAP COPY AND PRINT

**COUNT TEN**
**(Case No. 10-O05197)**
**Business and Professions Code, Section 6068 (c)**

**[Maintaining an Unjust Action]**
**[RESPONDENT RINGGOLD]**

31. Answering paragraph 12, respondent denies each and every allegation therein.

**COUNT ELEVEN**
**(Case No. 10-O05197)**
**Business and Professions Code, Section 6068 (0)(3))**
**[Failure to Report Judicial Sanctions]**
**[RESPONDENT RINGGOLD]**

32. Answering paragraph 13, respondent denies each and every allegation therein.

**COUNT TWELVE**
**(Case No. 10-O05197)**
**Business and Professions Code, Section 6068 (0)(3))**
**[Failure to Report Judicial Sanctions]**
**[RESPONDENT RINGGOLD]**

33. Answering paragraph 14, respondent denies each and every allegation therein.

**COUNT THIRTEEN**
**(Case No. 10-O05197)**
**Business and Professions Code, Section 6068 (0)(3))**
**[Failure to Report Judicial Sanctions]**
**[RESPONDENT RINGGOLD]**

34. Answering paragraph 15, respondent denies each and every allegation therein.

**COUNT FOURTEEN**
**(Case No. 10-O05197)**
**Business and Professions Code, Section 6103)**
**[Failure to Obey A Court Order]**
**[RESPONDENT RINGGOLD]**

35. Answering paragraph 16, respondent denies each and every allegation therein.

**COUNT FIFTEEN**
**(Case No. 13-O-12272)**
**Business and Professions Code, Section 6068 (c))**
**[Maintaining an Unjust Action]**
**[RESPONDENT RINGGOLD]**

36. Answering paragraph 17, respondent denies each and every allegation therein.

**COUNT SIXTEEN**
**(Case No. 13-O-12272)**
**Business and Professions Code, Section 6068 (0)(3))**
**[Failure to Report Judicial Sanctions]**
**[RESPONDENT RINGGOLD]**

37. Answering paragraph 18, respondent denies each and every allegation therein.

**COUNT SEVENTEEN**
**(Case No. 13-O-12272)**
**Business and Professions Code, Section 6103)**
**[Failure to Obey A Court Order]**
**[RESPONDENT RINGGOLD]**

38. Answering paragraph 19, respondent denies each and every allegation therein.

**COUNT EIGHTEEN**
**(Case No. 13-O-12272)**
**Business and Professions Code, Section 6068 (c))**
**[Maintaining an Unjust Action]**
**[RESPONDENT RINGGOLD]**

39. Answering paragraph 20, respondent denies each and every allegation therein.

**COUNT NINTEEN**
**(Case No. 14-O-03667)**
**Business and Professions Code, Section 6103)**
**[Failure to Obey A Court Order]**
**[RESPONDENT RINGGOLD]**

40. Answering paragraph 21, respondent denies each and every allegation therein.

## IV
## HARTFORD CAUSALTY INSURANCE ET AL V. CORNELIUS, MARIAN, AND LISA TURNER; CORNELIUS, MARIAN, AND LISA TURNER V. HARTFORD CASUALTY INSURANCE ET AL.; THE RULE COMPANY V. AMY LEE AND NINA RINGGOLD

### COUNT TWENTY
### (Case No. 14-O-00523 and 14-O-00524)
### Business and Professions Code, Section 6068 (c)
### [Maintaining an Unjust Action]
### [RESPONDENTS LEE AND RINGGOLD]

41. Answering paragraph 22, respondent denies each and every allegation therein.

### COUNT TWENTY -ONE
### (Case No. 14-O-00523 and 14-O-00524)
### Business and Professions Code, Section 6103
### [Failure to Obey A Court Order]
### [RESPONDENTS LEE AND RINGGOLD]

42. Answering paragraph 23, respondent denies each and every allegation therein.

### COUNT TWENTY-TWO
### (Case No. 14-O-00524)
### Business and Professions Code, Section 6068 (0)(3))
### [Failure to Report Judicial Sanctions]
### [RESPONDENT LEE]

43. Answering paragraph 24, respondent denies each and every allegation therein.

WHEREFORE, Respondents pray:

1.      That the Charges be dismissed in their entirety;

2.      That findings of fact be made in writing by the State Bar Court showing that no violation has occurred by this respondents;

3.      That the State Bar be required to pay all reasonable expenses of respondents including but not limited under California Business and Professions Code § 6086.10 (d) and Rule 5.131 (A).

4.      For such other and further relief, including equitable relief, as this Court may deem proper.

Dated: July 13, 2015

LAW OFFICE OF NINA R. RINGGOLD

By:  /s/ Nina R. Ringgold, Esq.
        Nina R. Ringgold, Esq.
        Attorney for the Respondent

LAW OFFICE OF AMY P. LEE

By:  /s/ Amy P. Lee , Esq.
        Amy P. Lee, Esq.
        Attorney for the Respondent

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I hereby certify that on the date specified below I caused to be served the following:

**PROVISIONAL RESPONSE OF RESPONDENTS UNDER PROTEST BASED ON LACK OF FUNDAMENDAL JURISDICTION; LACK OF COMPLETION OF TIMELY REQUESTED ENEC; IRRECONCILABLE CONFLICT BETWEEN CAL. B & P CODE SEC. 6031 (b) AND CAL B & P CODE SEC. 6001.1; AND ON OTHER GROUNDS**

The document was served by hand delivery to the person specified below at the address indicated below:

State Bar Of California
Office Of The Chief Trial Counsel
Ashod Mooradian, Esq.
845 South Figueroa Street
Los Angeles, California 90017-2515

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and this declaration was executed on July 13, 2015 at Los Angeles, California.

_____

# EXHIBIT 2

**NINA R. RINGGOLD, ESQ. (SBN 133735)**
**LAW OFFICE OF NINA RINGGOLD**
9420 Reseda Blvd. #361
Northridge, CA  91324
Telephone: (818) 773-2409, Facsimile: (866) 340-4312
Attorney for  Nina Ringgold, Esq. and  Law Offices of Nina Ringgold

**AMY P. LEE, ESQ. (SBN 222013)**
**LAW OFFICES OF AMY P. LEE**
428 South Atlantic Blvd Suite 312
Monterey Park, CA  91754
Telephone: (626) 768-3286, Facsimile:  (626) 768-3296
Attorney for  Amy P. Lee, Esq. and Law Offices of Amy P. Lee

# STATE BAR COURT

# HEARING DEPARTMENT- LOS ANGELES

| | |
|---|---|
| IN THE MATTER OF | Case Nos: 09-0-13090; 10-0-05197; 13-0-12272; 14-0-00523; 14-0-00524; 14-0-03667 |
| NINA R. RINGGOLD<br>Member No. 133735 | **EXPRESS RESERVATION OF RIGHTS IN THESE NON-JUDICIAL PROCEEDINGS AND ANY OTHER RELATED OR FURTHER PROCEEDINGS OF ANY NATURE** |
| And | |
| AMY P. LEE<br>Member No. 222013 | |
| Constitutionally Mandated Members of the California State Bar (Cal. Const. Art. VI § 9) | |

NOTICE IS HEREBY GIVEN Respondents Nina R. Ringgold, Esq. and the Law Offices of Nina Ringgold and Amy P. Lee, Esq. and the Law Office of Amy P. Lee hereby file this express declaration of their reservation of rights.

Respondents do not abandon or forego a federal forum and reserve all claims under federal law, the United States Constitution, and other authority.  Respondents address their federal claims only for purpose of complying with Government Employees v. Windsor (1957) 353 U.S. 364.  Respondents elect and reserve the right to return to the federal court for disposition of federal contentions.   See England v. Louisiana State Board of Medical Examiners (1964) 375 U.S. 411, 415-422 & fn 18; American Trial Lawyers v. New Jersey Supreme Court (1973) 409 U.S. 467, 468-469.

Dated: February 2, 2016

LAW OFFICE OF NINA R. RINGGOLD


By:  /s/ Nina R. Ringgold, Esq.
Nina R. Ringgold, Esq.
Attorney for the Respondent

LAW OFFICE OF AMY P. LEE


By:  /s/ Amy P. Lee , Esq.
Amy P. Lee, Esq.
Attorney for the Respondent

**PROOF OF SERVICE**

I hereby certify that on the date specified below I caused to be served the following:

**EXPRESS RESERVATION OF RIGHTS IN THESE NON-JUDICIAL PROCEEDINGS AND ANY OTHER RELATED OR FURTHER PROCEEDINGS OF ANY NATURE**

The document was served by deposit in the United States mail to the person specified below at the address indicated below:

State Bar Of California
Office Of The Chief Trial Counsel
Augustin Hernandez
845 South Figueroa Street
Los Angeles, California 90017-2515

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and this declaration was executed on February 2, 2016 at Los Angeles, California.

/s/ Nina R. Ringgold

2

# EXHIBIT 3

| STATE BAR COURT OF CALIFORNIA<br><br><br>**HEARING DEPARTMENT**<br><br><br>845 S. Figueroa Street, Los Angeles, CA  90017 | FOR CLERK'S USE ONLY:<br><br># FILED<br>_E.A._<br>## SEP 0 9 2020<br>**STATE BAR COURT**<br>**CLERK'S OFFICE**<br>**LOS ANGELES** |
|---|---|
| In the Matter of:<br><br> **NINA RAE RINGGOLD,**<br><br>**State Bar No. 133735**. | **Case No(s).  09-O-13090 et. al.**<br><br>**ORDER ENTERING DEFAULT AND ORDER ENROLLING INACTIVE (RULE 5.81 – FAILURE TO APPEAR)** |

## ORDER ENTERING DEFAULT:

As respondent  **NINA RAE RINGGOLD** (Respondent) failed to appear as a party at trial and the requirements of rule 5.81(A) of the Rules of Procedure of the State Bar are satisfied, Respondent's default is entered in this proceeding, effective upon the filing of this order.  All previously scheduled court dates are vacated.  The court takes judicial notice of Respondent's official State Bar record address.

Respondent is notified that:

**Because you failed to appear at trial, the court has entered your default and deemed the facts alleged in the notice of disciplinary charges admitted.  Except as ordered by the court, you may participate in these proceedings only if the court sets aside your default.  If you fail to timely move to set aside your default, this court will enter an order recommending your disbarment without further hearing or proceeding. (See Rules Proc. of State Bar, rule 5.80 et seq.)**

## ORDER ENROLLING INACTIVE:

As the conditions of Business and Professions Code section 6007, subdivision (e)(1), are met, Respondent is enrolled as an inactive attorney of the State Bar of California under Business and Professions Code section 6007, subdivision (e).  The inactive enrollment is effective three (3) days after service of this order.  (Rules Proc. of State Bar, rule 5.250.)

**IT IS SO ORDERED.**

Dated: September 9, 2020

_Yvette D. Roland_

YVETTE D. ROLAND
Judge of the State Bar Court

## CERTIFICATE OF SERVICE

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Court Specialist of the State Bar Court of California.  I am over the age of eighteen and not a party to the within proceeding.  Pursuant to standard court practice, in the City and County of  Los Angeles, on September 9, 2020, I deposited a true copy of the following document(s):

ORDER ENTERING DEFAULT AND ORDER ENROLLING INACTIVE
(RULE 5.81 - FAILURE TO APPEAR)

in a sealed envelope for collection and mailing on that date as follows:

☒     by certified mail, No. 9414726699042111007232, with return receipt requested, through the United States Postal Service at Los Angeles, California, addressed as follows:

NINA R. RINGGOLD
17901 MALDEN ST
NORTHRIDGE, CA 91325-3817

☒     by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

Patrice N. Vallier-Glass, Office of Chief Trial Counsel, Los Angeles

I hereby certify that the foregoing is true and correct.  Executed in Los Angeles, California, on September 9, 2020.

Elizabeth Alvarez
Court Specialist
State Bar Court

# EXHIBIT 4

1  STATE BAR OF CALIFORNIA
   OFFICE OF CHIEF TRIAL COUNSEL
2  MELANIE J. LAWRENCE, No. 230102
   INTERIM CHIEF TRIAL COUNSEL
3  ANTHONY J. GARCIA, No. 171419
   ASSISTANT CHIEF TRIAL COUNSEL
4  MICHAEL J. GLASS, No. 102700
   SUPERVISING ATTORNEY
5  PATRICE VALLIER-GLASS, No. 305900
   SENIOR TRIAL COUNSEL
6  KERRI C. RILEY, No. 316679
   DEPUTY TRIAL COUNSEL
7  845 South Figueroa Street
   Los Angeles, California 90017-2515
8  Telephone: (213) 765-1180

9

10                        STATE BAR COURT

11              HEARING DEPARTMENT - LOS ANGELES

12

13  In the Matter of:              )  Case No.  SBC-09-O-13090-YDR
                                   )
14  NINA RAE RINGGOLD,             )  PETITION FOR DISBARMENT AFTER
    State Bar No. 133735,          )  DEFAULT; [Rules Proc. Of State Bar, Rule
15                                 )  5.85]; SUPPORTING DECLARATION OF
    An Attorney of the State Bar.  )  PATRICE VALLIER-GLASS
16  _____)

17

18         The Office of Chief Trial Counsel of the State Bar ("State Bar") hereby petitions the

19  State Bar Court to recommend respondent's disbarment to the Supreme Court, pursuant to rule

    5.85 of the Rules of Procedure of the State Bar of California (hereinafter "rule"), based on
20
    respondent's failure to appear at trial and failure to have the default set aside or vacated with the
21
    time period prescribed.  This petition is based upon the attached declaration and the court file in
22
    this matter.
23
    ///
24
    ///
25
    ///
26

27

28
                                        -1-

1
2

**I.     THIS PETITION FOR DISBARMENT IS NECESSARY BECAUSE RESPONDENT'S DEFAULT HAS BEEN ENTERED AND THE DEFAULT HAS NOT BEEN SET ASIDE OR VACATED.**

3
4
5

Rule 5.85 provides in part as follows: "If the attorney fails to have the default set aside or vacated, the Office of Chief Trial Counsel must file a petition requesting the Court to recommend the attorney's disbarment to the Supreme Court."

6
7

On September 9, 2020, respondent failed to appear at the duly noticed State Bar Court trial in this matter.

8
9

On September 9, 2020, this court filed an order entering default for respondent's failure to appear at trial in accordance with rule 5.81(B).

10
11
12

On September 16, 2020, respondent filed an Expedited Motion to Vacate and/or to Stay Order dated September 9, 2020 and All Other Orders Entered Prior to Ruling on Request for Accommodation and/or Thereafter.

13
14

On October 26, 2020, this court denied respondent's motion to vacate the default or for a stay of the September 9, 2020 order and proceedings.

15

On November 13, 2020, respondent filed a request for judicial notice.

16
17
18

On November 13, 2020, respondent filed a renewed Motion to Stay Order dated September 9, 2020 and All Proceedings in the Hearing Department and a Petition for Interlocutory Review in the Review Department.

19
20

On November 23, 2020, the Review Department denied respondent's request for interlocutory review.

21
22

On December 2, 2020, the Review Department rejected filing of respondent's Motion to Reopen and for Reconsier (sic) because it did not meet the court's filing requirements.

23
24

**II.     THIS PETITION IS TIMELY FILED.**

25
26

As authorized by rule 5.85(C)(1), this petition is being filed 46 days or more after the default order was served.

27
28

-2-

PETITION FOR DISBARMENT AFTER DEFAULT (Case No. SBC-09-O-13090-YDR)

**III.   THIS PETITION IS SUPPORTED BY A DECLARATION CONTAINING THE INFORMATION REQUIRED BY RULE 5.85(A).**

Rule 5.85(A) requires that petitions for disbarment "must be supported by one or more declarations stating whether:

(1) any contact with the attorney has occurred since the default was entered;
(2) any other investigations or disciplinary charges are pending against the attorney;
(3) the attorney has a prior record of discipline; and
(4) the Client Security Fund has paid out claims as a result of the attorney's misconduct."

**A.   CONTACT WITH THE ATTORNEY SINCE THE DEFAULT WAS ENTERED.**

The State Bar has had contact with respondent since the default was entered, through Senior Trial Counsel Patrice Vallier-Glass.  Respondent has contacted Vallier-Glass through several emails regarding pleadings, including but not limited to, contacting Vallier-Glass on the following dates: September 16, 19, 2020 and November 13, 2020. (Declaration of Patrice Vallier-Glass, attached.)

**B.   OTHER PENDING INVESTIGATIONS OR DISCIPLINARY CHARGES.**

Other than the current matter, there are four investigations pending against respondent. (Declaration of Patrice Vallier-Glass, attached.)

**C.   PRIOR DISCIPLINE.**

Respondent does not have a prior record of discipline.  (Declaration of Patrice Vallier-Glass, attached.)

**D.   CLIENT SECURITY FUND PAYMENTS.**

The Client Security Fund has not paid out claims as a result of the attorney's misconduct. (Declaration of Patrice Vallier-Glass, attached.)

**IV.    THE REQUIREMENTS FOR MANDATORY DISBARMENT HAVE BEEN SATISFIED.**

Rule of Procedure 5.85(F)(1) provides in pertinent part as follows:

If the attorney fails to file a response or the Court denies a motion to set aside or vacate the default and all other relief from default, the Court must recommend the attorney's disbarment if the evidence shows:

(a) The notice of disciplinary charges was served on the attorney properly;

(b) The attorney had actual notice or reasonable diligence was used to notify the attorney of the proceedings prior to the entry of default;

(c) The default was properly entered; and

(d) The factual allegations deemed admitted in the notice of disciplinary charges … support a finding that the attorney violated a statute, rule or court order that would warrant the imposition of discipline.

**A. THE NDC WAS SERVED ON THE ATTORNEY PROPERLY.**

The State Bar Court file similarly contains a valid proof of service.  Respondent thereafter appeared in this proceeding.  The order entering default established that the NDC was properly served on respondent.

**B. THE ATTORNEY HAD ACTUAL NOTICE OR REASONABLE DILIGENCE WAS USED TO NOTIFY THE ATTORNEY OF THE PROCEEDINGS PRIOR TO ENTRY OF THE DEFAULT.**

Respondent appeared in this proceeding.  (See Court file.) Thereafter, the State Bar Court served a notice of trial on respondent by first class mail in the manner prescribed by rule 5.81(A)(2).  (See State Bar Court file.)

**C. THE DEFAULT WAS PROPERLY ENTERED.**

The order for entry of default was properly served upon respondent in the manner required by law and it contained the language required by rule 581(B).  (See State Bar Court file.)

-4-

**D. THE FACTUAL ALLEGATIONS DEEMED ADMITTED IN THE NDC SUPPORT A FINDING THAT THE ATTORNEY VIOLATED A STATUTE, RULE OR COURT ORDER THAT WOULD WARRANT THE IMPOSITION OF DISCIPLINE.**

The facts alleged in the NDC were deemed admitted when this Court entered respondent's default. (Rule 5.82(2).) These admitted facts support a finding that respondent committed the violations alleged in the NDC, thus warranting the imposition of discipline.

**V.     CONCLUSION.**

The State Bar respectfully requests that the Court recommend to the Supreme Court that respondent be disbarred.

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL


DATED:  December 14, 2020        By: _____
                                 Kerri Riley
                                 Deputy Trial Counsel


DATED:  December 14, 2020        By: _____
                                 Patrice Vallier-Glass
                                 Senior Trial Counsel

**DECLARATION OF PATRICE VALLIER-GLASS**

I, Patrice Vallier-Glass, declare:

1.      All statements made herein are based on my personal knowledge, except for those stated to be under information and belief.

2.      I am an attorney licensed to practice law in the State of California.  I am employed as a Senior Trial Counsel in the Office of Chief Trial Counsel of the State Bar of California.  This matter is assigned to me for prosecution of disciplinary charges against respondent.

3.      I have had contact with respondent since the Hearing Department entered respondent's default on September 9, 2020. Respondent contacted me via email in order to serve me with pleadings and a demand, on September 16 and 19, 2020 and November 13, 2020.

4.      On December 14, 2020, I reviewed the State Bar's computer database and determined that, other than the current matter, there are four investigations pending against respondent.

5.      Respondent does not have a prior record of discipline.

6.      Based on my review of the State Bar's computer database on December 14, 2020, I have determined that the Client Security Fund has not paid out claims as a result of respondent's misconduct.


        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        Executed this 14th day of December, 2020 at Los Angeles, California.

_Patrice Vallier-Glass_
_____
Patrice Vallier-Glass
Declarant

DECLARATION OF SERVICE

CASE NUMBER(s):  **SBC-09-O-13090 - YDR**

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 845 South Figueroa Street, Los Angeles, California 90017, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

## PETITION FOR DISBARMENT AFTER DEFAULT; [Rules Proc. Of State Bar, Rule 5.85]; SUPPORTING DECLARATION OF PATRICE VALLIER-GLASS

☒ **By U.S. First-Class Mail: (CCP §§ 1013 and 1013(a))**       ☒ **By U.S. Certified Mail: (CCP §§ 1013 and 1013(a))**
- in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles.

☐ **By Overnight Delivery: (CCP §§ 1013(c) and 1013(d))**
- I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service ('UPS').

☐ **By Fax Transmission: (CCP §§ 1013(e) and 1013(f))**
Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below.  No error was reported by the fax machine that I used.  The original record of the fax transmission is retained on file and available upon request.

☐ **By Electronic Service: (CCP § 1010.6 and Rules of Proc. of State Bar, rule 5.26.2)**
Based on rule 5.26.2, a court order, or an agreement of the parties to accept service by electronic transmission, I caused the above-named document(s) to be transmitted by electronic means to the person(s) at the electronic address(es) listed below.  If there is a signature on the document(s), I am the signer of the document(s), I am the agent of, or I am serving the document(s) at the direction of, the signer of the document(s).  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ *(for U.S. First-Class Mail)* in a sealed envelope placed for collection and mailing at Los Angeles, addressed to:  *(see below)*

☒ *(for Certified Mail)* in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
Article No.:  **9414 7266 9904 2171 3785 32**  at Los Angeles, addressed to: *(see below)*

☐ *(for Overnight Delivery)* together with a copy of this declaration, in an envelope, or package designated by UPS,
Tracking No.:  addressed to: *(see below)*

| Person Served | Business Address | Fax Number | Courtesy Copy to: |
|---|---|---|---|
| Nina Rae Ringgold | 17901 Malden Street<br>Northridge, CA 91325-3817<br>*(via USPS Certified Mail – Return Receipt Requested)* | **Electronic Address** | Nina Rae Ringgold<br>17901 Malden Street<br>Northridge, CA 91325-3817<br>*(via USPS First-Class Mail)* |

☐ **via inter-office mail regularly processed and maintained by the State Bar of California addressed to:**

**N/A**

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service ('UPS').  In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED:  December 14, 2020       SIGNED:  _____
                                                 Charles C. Bagai
                                                 Declarant

# EXHIBIT 5

NINA R. RINGGOLD, ESQ. (SBN 133735)          **UNDER PROTEST**
**LAW OFFICE OF NINA RINGGOLD**
**17901 Malden St.**
**Northridge, CA  91326**
**Telephone: (818) 773-2409, Facsimile: (866) 340-4312**
**Attorney for  Nina Ringgold, Esq. and  Law Offices of Nina Ringgold**

## STATE BAR COURT

## HEARING DEPARTMENT- LOS ANGELES

IN THE MATTER OF                    Case Nos: 09-0-13090
                                       [REQUEST FOR HEARING]

NINA R. RINGGOLD
Member No. 133735                   **RESPONSE TO PETITION FOR**
                                    **DISBARMENT AFTER DEFAULT;**
                                    **AND TO VACATE DEFAULT ON**
                                    **GROUNDS, INCLUDING BUT NOT**
                                    **LIMITED TO, LACK OF**
                                    **JURISDICTION; AND REQUEST FOR**
                                    **STAY**

## I.    INTRODUCTION

Respondent files this response to the petition for disbarment after default filed by the Office of Chief Trial Counsel ("OCTC") and request for stay.

This response is expressly filed without waiver of any jurisdictional objection or remedy including but not limited to under federal law and the United States Constitution.  Petitioner does not abandon or forego a federal forum and hereby reserves all claims under federal law and the United States Constitution; First, Fifth, Fourteenth, and Fifteenth Amendment; the anti-harassment provisions of the Voting Rights Act of 1965 as amended; Title II of the ADA, 504 of the Rehabilitation Act, and the Civil Rights Act of 1866.  See also  Government Employees v. Windsor (1957) 353 U.S. 364,  England v. Louisiana State Board of Medical Examiners (1964) 375 U.S. 411, 420 (respondent only informs the court of her federal claims so that state law may be construed in light of those claims); American Trial Lawyers v. New Jersey Supreme Court (1973) 409 U.S. 467, 468-469; CCP § 410.10. Additionally, respondent does not waive existing jurisdictional challenges and claims including, but not limited those currently pending in the federal court or those preserved by the federal court order prospectively on future complaints.

## II.   ARGUMENT

### A.  OCTC's Petition In General Has No Merit

Section I of the petition purports to provide a procedural summary.  The summary makes substantial errors. For example it fails to outline why there exist jurisdiction to enter a default.  It attempts to shield the jurisdictional error by indicating that the review department denied respondent's request for judicial notice on November 23, 2020.  The request for judicial notice states:

"Petitioner requests judicial notice of (1) the appendix (sealed and unsealed) filed in the petition for review in this case on September 3, 2020, and **(2) the fact that there does not exist a certified remand order filed in the State Bar Court following the petitioner's removal to the federal court on August 27, 2020.**"

The review department made no ruling on item 2 of the request for judicial notice.  And the docket in this case demonstrates there has not been a certified remand order filed in this tribunal from and removal to the federal court.

It fails to demonstrate any jurisdiction to modify California Rule of Court Rule 1.100 or any State Bar Rule that existed from August 23, 2015 to October 31, 2020 authorizing the procedures that as to disability accommodation which violate state and federal law and in a discriminatory manner designated attorneys with disabilities from access to a court of record to review disability accommodation or allowed entry of a default prior to disposition of pending requests for disability accommodation.

The petitioner erroneously specifies that the review department denied respondent's request to reopen and for reconsideration because it did not meet the court's filing requirements.  That was not the ruling on this motion.

OCTC fails to provide a declaration that verifies the information required under Rule 5.85 (A) or  that truthfully discloses accurate information. For example, it does not disclose the request and communications by respondent of the method by which it received from the court, confidential medical and health information without a court order or consent required by law by respondent.  In fact it persists in refusal to identify this information.  There are no investigations that have been disclosed by OCTC and any such investigation must be disclosed in its declaration.  (See Section B of petitioner).  This disclosure needs to be made by proper verification and identification prior to disposition.  Respondent has no record of discipline or client complaint with the state bar.  The State Bar Act requires accusations be verified and provided to the attorney.

OCTC has not satisfied the requirements of 5.85 (F) because the notice of disciplinary charge was not properly served and violated 28 U.S.C. § 1446.  And due to this fact there never existed jurisdiction in this tribunal.  The default was not properly entered and per se violates state and federal disability law and Rule 1.100 by entry of default before disposition of requests

for accommodation, by modifying Judicial Council form MC-410 demonstrating the mandatory factors and legal standard was not applied, and by operation completely without authority to devise disability accommodation procedures not authorized by the Supreme Court or the Board of Trustees.  In fact the procedures are rogue abuses of authority in which were attempted to be modified after respondent raised the issue and disclosed the inadequacies.

OCTC falsely claims that notice of trial was served properly under Rule 5.81 (A)(2).  The dates for trial at issue were not included in any pre-trial order.  Instead they were all set after the court directed respondent to set dates for medical treatment with written direction to make appointments needed they after respondent was in the hospital the court set trial dates that conflicted with the dates respondent required medical treatment.

The default was not properly entered or served in the manner required by law and applicable rules and procedures.

**B.    This Court Is Required To Deny The Petition Because It Does Not Comply With Rule 5.85 (A) & (B) & (D) And The Factors Of Rule 5.85 (F)(2)**

**1.    The Default Is Improper Because Mandatory Statutory Notice Was Not Provided.**

The State Bar Act does give jurisdiction to the State Bar Court to enter a default and enroll an attorney involuntarily inactive when there is not compliance with Business & Professions Code § 6007 (e).  Under this statutory provision it is mandatory for the following to have taken place:

e)(1) The State Bar Court shall order the involuntary, inactive enrollment of a licensee whose **default has been entered pursuant to the State Bar Rules of Procedure if both** of the following conditions are met:

(A) The **notice was duly served pursuant to subdivision (c) of Section 6002.1.**

(B) **The notice contained the following language at or near the beginning of the notice, in capital letters**:

IF YOU FAIL TO FILE AN ANSWER TO THIS NOTICE WITHIN THE TIME ALLOWED BY STATE BAR RULES, INCLUDING EXTENSIONS, OR IF YOU

FAIL TO APPEAR AT THE STATE BAR COURT TRIAL, (1) YOUR DEFAULT SHALL BE ENTERED, (2) YOU SHALL BE ENROLLED AS AN INVOLUNTARY INACTIVE LICENSEE OF THE STATE BAR AND WILL NOT BE PERMITTED TO PRACTICE LAW UNLESS THE DEFAULT IS SET ASIDE ON MOTION TIMELY MADE UNDER THE RULES OF PROCEDURE OF THE STATE BAR, (3) YOU SHALL NOT BE PERMITTED TO PARTICIPATE FURTHER IN THESE PROCEEDINGS UNLESS YOUR DEFAULT IS SET ASIDE, AND (4) YOU SHALL BE SUBJECT TO ADDITIONAL DISCIPLINE.

Not proper notice could be provided without filing of a certified remand order of the federal court in the this administrative agency.

**2.** **The State Bar Act Does Not Provide Jurisdiction Or Inherent Authority To The Administrative Agency (State Bar Court) To Impose A Termination Of Status Sanction (Particularly A Sanction Without Mandatory Statutory Notice) Or To Creating Rogue and Discriminatory Procedures As to Disability Accommodation Without Authority of Authorized Procedures Authorized By The Supreme Court Or Board of Trustees**

The State Bar Act does not provide jurisdiction or inherent authority to the administrative agency to, in essence, impose a sanction without mandatory statutory notice.[1] Additionally, the Act does not provide jurisdiction to order a terminating of status sanction without mandatory statutory notice: (i.e. by entry of a default during trial based on a known verified scheduling conflict, and after a verified response has been filed to a retaliatory charge filed in violation of removal and original jurisdiction of the federal court).

It has no authority to established rogue policies and procedures that violate state and federal law.  (ie See <u>Saleeby v. State Bar of California</u> (1985) 39 Cal.3d 547

---

[1] See Cal. Bus. & Prof. Code § 6086.5.  In fact as to the limited sanction authority allowed for discovery, dismissal is not allowed without findings on the protection of the public.  And here both failing to make any provision for clients in pending cases to obtain counsel or any ruling on the issues presented during the trial or disregard of the lack of a remand order was detrimental to the public interest and discriminatory retaliation.

**3.** **The Mandatory Requirements To Recommend Disbarment Have Not Been Met And Under Rule 5.85 (F)(2) The Petition Must Be Denied and Vacate The Default Vacated**

As a threshold matter, the  rule 5.85 (F) standard is not applicable because a verified response was filed.  This is not a circumstance in which respondent did not respond or appear at trial (but rather required a disability accommodation and there was no disposition of her request.  The administrative agency failed to provide the mandatorily required statutory notice prior to entry of a default and enrolling respondent inactive.  Additionally the evidentiary standard of Rule 5.85 (F) has not been met as specified above.

**C.** **Respondent Requests That The Proceedings Be Stayed Including The Order Enrolling Respondent Inactive**

Particularly in light of the showing of the lack of basis for disbarment or the lack of valid mandatory statutory notice respondent requests a stay including the order causing inactive enrollment.  The timing and method clearly demonstrate targeted harm to respondent and clients in violation of Cal. Bus. & Professions Code § 6001.1.  Instead of protecting the public, and ignoring the unchallenged evidence this court should immediately terminate the continuing harm in violation of the California Constitution and federal law.

**III.** **CONCLUSION**

For the foregoing reasons and based on the record in these proceedings, it is respectfully requested that this court grant the relief sought herein.

Dated:  January 5, 2021

LAW OFFICE OF NINA R. RINGGOLD

By:  /s/ Nina R. Ringgold, Esq.
        Nina R. Ringgold, Esq.
        Attorney for the Respondent/Defendant

**PROOF OF SERVICE**

I hereby certify that on the date specified below I caused to be served the following:

**RESPONSE TO PETITION FOR DISBARMENT AFTER DEFAULT; AND TO VACATE DEFAULT ON GROUNDS, INCLUDING BUT NOT LIMITED TO, LACK OF JURISDICTION; AND REQUEST FOR STAY**

The document was served as indicated below:

Electronic Service
Patrice.Vallier-Glass@calbar.ca.gov
State Bar Of California
Office Of The Chief Trial Counsel
845 South Figueroa Street
Los Angeles, California 90017

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and this declaration was executed on January 5, 2021 at Los Angeles, California.

/s Matthew Melaragno

_____

# EXHIBIT 6

FILED E.A.
4/12/2021
STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

# Public Matter

## STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT - LOS ANGELES

| | | |
|---|---|---|
| In the Matter of | ) | Case Nos. 09-O-13090 (10-O-05197; |
| | ) | 13-O-12272; 14-O-00523; |
| NINA RAE RINGGOLD, | ) | 14-O-03667)-YDR |
| | ) | |
| State Bar No. 133735. | ) | DECISION AND ORDER OF |
| | ) | INACTIVE ENROLLMENT |

Respondent Nina Rae Ringgold is charged with 21 ethical violations arising from five matters. Respondent failed to appear at trial, and her default was entered. Thereafter, the Office of Chief Trial Counsel of the State Bar of California (OCTC) filed a petition for disbarment under rule 5.85 of the Rules of Procedure of the State Bar.[1]

Rule 5.85 provides the procedure to follow when an attorney fails to appear at trial after receiving adequate notice and opportunity. The rule provides that, if an attorney's default is entered for failing to appear at trial and if the attorney fails to have the default set aside or vacated within 45 days, then OCTC will file a petition requesting that the State Bar Court recommend the attorney's disbarment.[2]

---

[1] Unless otherwise indicated, all further references to rules are to the Rules of Procedure of the State Bar of California. Furthermore, all statutory references are to the Business and Professions Code, unless otherwise indicated.

[2] If the court determines that any due process requirements are not satisfied, including adequate notice to the attorney, it must deny the petition for disbarment and take other appropriate action to ensure that the matter is promptly resolved. (Rule 5.85(F)(2).)

In the instant case, the court concludes that all of the requirements of rule 5.85 have been satisfied and, therefore, grants the petition and recommends that Respondent be disbarred from the practice of law.

## FINDINGS AND CONCLUSIONS

Respondent was admitted to the practice of law in California on June 16, 1988, and has been a licensed attorney of the State Bar of California since that time.

**Procedural Requirements Have Been Satisfied**

On March 23, 2015, OCTC filed and properly served a notice of disciplinary charges (NDC) on Respondent in case numbers 09-O-13090;10-O-05197; 13-O-12272; 14-O-00523; 14-O-00524 and 14-O-03667.[3]  OCTC served the NDC on Respondent by certified mail, return receipt requested at her official State Bar attorney records address.  Respondent filed an answer to the NDC on July 13, 2015.[4]

On October 3, 2017, the court held a status conference attended by Respondent and OCTC.  The court set the trial for 10 days, commencing on January 17, 2018, at 10:00 a.m.  On October 11, 2017, the court filed an order setting forth the foregoing trial date in this matter.  The order was properly served on Respondent.

The trial was continued and/or delayed on numerous occasions following Respondent's removal of this case to the United States District Court and for other good cause.  Upon the district court's remand, this court held a status conference on July 1, 2019.  The court set a new trial to commence on August 15, 2019 at 10:00 a.m.  On July 2, 2019, the court filed an order

---

[3] Case number 14-O-00524 involved charges against Respondent's co-respondent and was severed from this correlated matter.

[4] Pursuant to rule 5.50, this case was abated from September 28, 2015, through September 28, 2017.

setting forth the foregoing trial date in this matter.  The order was properly served on Respondent.

Again, the trial was continued and/or delayed on numerous instances due to the entry of Respondent's default for failing to appear at trial (the default was subsequently vacated); Respondent's removal of the case to the United States District Court, and for other good cause.

Following the numerous continuances, the court set trial to take place from September 8 through September 11, 23, 24, 29, 30 and October 1 through October 2, 2020.  The order setting the new trial dates was properly served on Respondent.  Respondent did not appear for trial on September 9 as scheduled.  The court entered Respondent's default in an order filed on September 9, 2020.  The order was properly served on Respondent at her official State Bar attorney records address by certified mail, return receipt requested.  (Rule 5.81(B).)  The order notified Respondent that, if she did not timely move to set aside her default, the court would recommend her disbarment.  The order also placed Respondent on involuntary inactive status under Business and Professions Code section 6007, subdivision (e), effective three days after service of the order, and Respondent has remained inactively enrolled since that time.

On September 16, 2020, Respondent timely sought to have her default set aside or vacated.  (Rule 5.83(C)(2) [attorney has 45 days after order entering default is served to file motion to set aside default].)  The court denied the motion to set aside on October 26, 2020.

On November 13, 2020, Respondent filed in the Review Department of the State Bar Court a petition for review and application for stay of this court's order entering default.  On November 23, 2020, the Review Department denied the petition for review.  On December 7, 2020, Respondent sought reconsideration of the Review Department's November 23, 2020 order, which the Review Department denied on December 11, 2020.

On December 14, 2020, OCTC filed and properly served a petition for disbarment on Respondent at her official State Bar attorney records address.  As required by rule 5.85(A), OCTC reported in the petition that:  (1) OCTC did have contact with Respondent since the default was entered;[5] (2) there are four other disciplinary investigations pending against Respondent; (3) Respondent does not have a prior record of discipline; and (4) the Client Security Fund has not paid out any claims resulting from Respondent's conduct.

Respondent did not respond to the petition for disbarment.  The case was submitted for decision on February 26, 2021.

**The Admitted Factual Allegations Warrant the Imposition of Discipline**

Upon entry of Respondent's default, the factual allegations in the NDC are deemed admitted, and no further proof is required to establish the truth of such facts.  (Rule 5.82.)  As set forth below in greater detail, the factual allegations in the NDC support the conclusion that Respondent is culpable as charged and, therefore, violated a statute, rule or court order that would warrant the imposition of discipline.  (Rule 5.85(F)(1)(d).)

**Case No. 09-O-13090**

Count One – In the litigation matter of *In Re Aubry Family Trust*, Los Angeles Superior Court case number PP00521, Respondent maintained an unjust action by filing on behalf of herself and others, appeals of court orders and a petition (12 filings) that were meritless, frivolous; filed for purposes of delay, improper purposes, while Respondent continuously disobeyed court orders; and filed on behalf of a party without standing or without a party's knowledge or consent, in willful violation of section 6068, subdivision (c).

---

[5] Respondent emailed OCTC regarding various pleadings on September 16, and September 19, 2020; and November 13, 2020.

Count Two – The court does not find Respondent culpable of willfully violating section 6103 (failure to obey a court order) as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent disobeyed or violated an order of the court when the facts do not demonstrate Respondent had knowledge of the court order.  (*In the Matter of Maloney and Virsik* (Review Dept. 2005) 4 Cal. State Bar Ct. Rptr. 774, 787 [attorney's knowledge of a final, binding order is essential element of a § 6103 violation].)

Count Three – The court does not find Respondent culpable of willfully violating section 6103 as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent disobeyed or violated an order of the court when the facts do not demonstrate Respondent had knowledge of the court order.  (*In the Matter of Maloney and Virsik*, *supra*, 4 Cal. State Bar Ct. Rptr. at p. 787.)

Count Four – The court does not find Respondent culpable of willfully violating section 6103 as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent disobeyed or violated an order of the court when the facts do not demonstrate Respondent had knowledge of the court order.  (*In the Matter of Maloney and Virsik*, *supra*, 4 Cal. State Bar Ct. Rptr. at p. 787.)

Count Five – The court does not find Respondent culpable of willfully violating section 6103 as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent disobeyed or violated an order of the court when the facts do not demonstrate Respondent had knowledge of the court order.  (*In the Matter of Maloney and Virsik*, *supra*, 4 Cal. State Bar Ct. Rptr. at p. 787.)

Count Six – The court does not find Respondent culpable of willfully violating section 6103 as the facts deemed admitted as a result of the entry of Respondent's default do not support

a finding by clear and convincing evidence that Respondent disobeyed or violated an order of the court when the facts do not demonstrate Respondent had knowledge of the court order. (*In the Matter of Maloney and Virsik*, *supra*, 4 Cal. State Bar Ct. Rptr. at p. 787.)

Count Seven – Respondent willfully violated section 6068, subdivision (o)(3), by failing to report to the State Bar within 30 days after Respondent had knowledge of the $10,720 in sanctions imposed on Respondent on November 13, 2009, by the Second Appellate District, Division Five in *Justin Ringgold-Lockhart, et al. v. Myer Sankary, et al.*, case numbers B217816 and B217890.

Count Eight – Respondent willfully violated section 6104 (appearing for party without authority) by filing an appeal in the Court of Appeal of the State of California for the Second Appellate District, Division Five in case number B188155 on behalf of MLS when Respondent had no authority to do so.

Count Nine – Respondent committed acts involving moral turpitude and dishonesty in willful violation of section 6106 by acting in bad faith and habitually abusing the judicial system for almost six years when she intentionally employed litigation tactics designed to increase the cost of litigation, waste court resources, and extend the length of the litigation in the case of *In Re Aubry Family Trust*.

**Case No. 10-O-05197**

Count Ten – The court does not find Respondent culpable of willfully violating section 6068, subdivision (c), as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent failed to counsel or maintain such action, proceedings, or defenses only as appear to Respondent legal or just.

Count Eleven – Respondent willfully violated section 6068, subdivision (o)(3), by failing to report to the State Bar within 30 days after Respondent had knowledge of the $8,200 in sanctions imposed on Respondent on March 23, 2010, by the Los Angeles Superior Court in *ASAP Copy and Print v. Canon Business Solutions-West, et al.,* case number PC043358.

Count Twelve – Respondent willfully violated section 6068, subdivision (o)(3), by failing to report to the State Bar within 30 days after Respondent had knowledge of the $5,966.37 in sanctions imposed on Respondent on March 24, 2010, by the Los Angeles Superior Court in *ASAP Copy and Print v. Canon Business Solutions-West, et al.,* case number PC043358.

Count Thirteen – Respondent willfully violated section 6068, subdivision (o)(3), by failing to report to the State Bar within 30 days after Respondent had knowledge of the $4,050 in sanctions imposed on Respondent on March 25, 2010, by the Los Angeles Superior Court in *ASAP Copy and Print v. Canon Business Solutions-West, et al.,* case number PC043358.

Count Fourteen – The court does not find Respondent culpable of willfully violating section 6103 as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent disobeyed or violated an order of the court when the facts do not demonstrate Respondent had knowledge of the court order.  (*In the Matter of Maloney and Virsik*, *supra*, 4 Cal. State Bar Ct. Rptr. at p. 787.)

**Case No. 13-O-12272**

Count Fifteen – The court does not find Respondent culpable of willfully violating section 6068, subdivision (c), as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent failed to counsel or maintain such action, proceedings, or defenses only as appear to Respondent legal or just.

Count Sixteen – Respondent willfully violated section 6068, subdivision (o)(3), by failing to report to the State Bar within 30 days after Respondent had knowledge of the $8,895 in sanctions imposed on Respondent on March 25, 2010, by the United States District Court for the Central District of California in *ASAP Copy and Print v. Canon Business Solutions-West, et al.,* case number CV12-10165-ABC.

Count Seventeen – The court does not find Respondent culpable of willfully violating section 6103 as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent disobeyed or violated an order of the court when the facts do not demonstrate Respondent had knowledge of the court order.  (*In the Matter of Maloney and Virsik*, *supra*, 4 Cal. State Bar Ct. Rptr. at p. 787.)

**Case No. 14-O-03667**

Count Eighteen – In *ASAP Copy and Print v. Canon Business Solutions-West, et al,* appellate case number B238144, Respondent maintained an unjust action by filing on behalf of her client, frivolous appeals of six post-judgment orders in the California Court of Appeal for the Second Appellate District Division Two, seeking appellate review of matters that were previously and finally decided, in willful violation of section 6068, subdivision (c).

Count Nineteen – The court does not find Respondent culpable of willfully violating section 6103 as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent disobeyed or violated an order of the court when the facts do not demonstrate Respondent had knowledge of the court order.  (*In the Matter of Maloney and Virsik*, *supra*, 4 Cal. State Bar Ct. Rptr. at p. 787.)

**Case Nos. 14-O-00523**

Count Twenty – The court does not find Respondent culpable of willfully violating section 6068, subdivision (c), as the facts deemed admitted as a result of the entry of

Respondent's default do not support a finding by clear and convincing evidence that Respondent failed to counsel or maintain such action, proceedings, or defenses only as appear to Respondent legal or just.

Count Twenty-One – The court does not find Respondent culpable of willfully violating section 6103 as the facts deemed admitted as a result of the entry of Respondent's default do not support a finding by clear and convincing evidence that Respondent disobeyed or violated an order of the court when the facts do not demonstrate Respondent had knowledge of the court order.  (*In the Matter of Maloney and Virsik*, *supra*, 4 Cal. State Bar Ct. Rptr. at p. 787.)

**Disbarment is Recommended**

Based on the above, the court concludes that the requirements of rule 5.85(F) have been satisfied and Respondent's disbarment is recommended.  In particular:

(1) the NDC was properly served on Respondent under rule 5.25;

(2) Respondent had actual notice of this proceeding and was properly given notice of the trial date before the entry of the default;

(3) the default was properly entered under rule 5.81; and

(4) the factual allegations in the NDC deemed admitted by the entry of the default support a finding that Respondent violated a statute, rule or court order that would warrant the imposition of discipline.

Despite actual notice and opportunity, Respondent failed to appear for trial in this disciplinary proceeding.  As set forth in the Rules of Procedure of the State Bar, the court recommends disbarment.

**RECOMMENDATIONS**

**Discipline - Disbarment**

It is recommended that Nina Rae Ringgold, State Bar Number 133735, be disbarred from the practice of law in California and that her name be stricken from the roll of attorneys.

**California Rules of Court, rule 9.20**

It is further recommended that Respondent be ordered to comply with the requirements of California Rules of Court, rule 9.20, and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of the Supreme Court order imposing discipline in this matter.[6]  Failure to do so may result in disbarment or suspension.

**Monetary Sanctions**

The court does not recommend the imposition of monetary sanctions, as proceedings in this matter commenced before April 1, 2020.  (See Rules Proc. of State Bar, rule 5.137(H) [monetary sanctions rule applies to disciplinary proceedings commenced on or after April 1, 2020].)

**Costs**

It is further recommended that costs be awarded to the State Bar in accordance with Business and Professions Code section 6086.10, and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.  Unless the time for

---

[6] For purposes of compliance with rule 9.20(a), the operative date for identification of "clients being represented in pending matters" and others to be notified is the filing date of the Supreme Court order, not any later "effective" date of the order.  (*Athearn v. State Bar* (1982) 32 Cal.3d 38, 45.)  Further, Respondent is required to file a rule 9.20(c) affidavit even if Respondent has no clients to notify on the date the Supreme Court filed its order in this proceeding.  (*Powers v. State Bar* (1988) 44 Cal.3d 337, 341.)  In addition to being punished as a crime or contempt, an attorney's failure to comply with rule 9.20 is, inter alia, cause for disbarment, suspension, revocation of any pending disciplinary probation, and denial of an application for reinstatement after disbarment. (Cal. Rules of Court, rule 9.20(d).)

payment of discipline costs is extended pursuant to subdivision (c) of section 6086.10, costs assessed against a lawyer who is actually suspended or disbarred must be paid as a condition of reinstatement or return to active status.

### ORDER OF INVOLUNTARY INACTIVE ENROLLMENT

In accordance with Business and Professions Code, section 6007(c)(4), it is ordered that Nina Rae Ringgold, State Bar Number 133735, be involuntarily enrolled as an inactive lawyer of the State Bar of California, effective three calendar days after service of this decision and order. (Rules Proc. of State Bar, rule 5.111(D)(1).)[7]  Respondent's inactive enrollment will terminate upon (1) the effective date of the Supreme Court's order imposing discipline;  (2) as provided for by rule 5.111(D)(2) of the Rules of Procedure of the State Bar, or (3) as otherwise ordered by the Supreme Court pursuant to its plenary jurisdiction.


Dated: April 12, 2021

_Yvette D. Roland_
YVETTE D. ROLAND
Judge of the State Bar Court

---

[7] An inactive lawyer of the State Bar of California cannot lawfully practice law in this state.  (Bus. & Prof. Code, § 6126, subd. (b); see also Bus. & Prof. Code, § 6125.)  It is a crime for an attorney who has been enrolled inactive (or disbarred) to practice law, to attempt to practice law, or to even hold himself or herself out as entitled to practice law.  (*Ibid*.)  Moreover, an attorney who has been enrolled inactive (or disbarred) may not lawfully represent others before any state agency or in any state administrative hearing even if laypersons are otherwise authorized to do so.  (*Benninghoff v. Superior Court* (2006) 136 Cal.App.4th 61, 66-73.)

## CERTIFICATE OF ELECTRONIC SERVICE

(Rules Proc. of State Bar, rule 5.27.1.)

I, the undersigned, certify that I am a Court Specialist of the State Bar Court.  I am over the age of eighteen and not a party to the within proceeding.  Pursuant to standard court practice, on April 12, 2021, I transmitted a true copy of the following document(s):

### DECISION AND ORDER OF INACTIVE ENROLLMENT

by electronic service to NINA R. RINGGOLD at the following electronic service address as defined in rule 5.4(29) and as provided in rule 5.26.1 of the Rules of Procedure of the State Bar:

nrringgold@aol.com

by electronic service to PATRICE N. VALLIER-GLASS at the following electronic service address as defined in rule 5.4(29) and as provided in rule 5.26.1 of the Rules of Procedure of the State Bar:

patrice.vallier-glass@calbar.ca.gov

The above document(s) was/were served electronically.  My electronic service address is ctroomB@statebarcourt.ca.gov  and my business address is 845 South Figueroa Street, Los Angeles, CA 90017

I declare, under penalty of perjury under the laws of the State of California, that the information above is true and correct.

Date: April 12, 2021

Elizabeth Alvarez
Court Specialist
State Bar Court

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2021, I filed the following documents

with the Clerk of Court for the United States District Court for the Central District

**NOTICE AND PETITION FOR REMOVAL UNDER THE CIVIL RIGHTS ACT OF 1866; 28 U.S.C. § 1443(2) [Refusal to Act Clause applicable to State Officers]; 28 U.S.C. § 1443 (1); 28 U.S.C. § 1331 AND NOTICE OF ORIGINAL JURISDICTION UNDER CIVIL RIGHTS ACT OF 1866, THE AMERICANS WITH DISABILITIES ACT, AND 504 OF THE REHABILITATION ACT**

**NOTICE OF INDEPENDENT PETITION FOR WRIT OF HABEAS CORPUS; INDEPENDENT PETITION FOR WRIT OF QUO WARRANTO OR OTHER APPROPRIATE RELIEF; INDEPENDENT PETITION TO RE9  OPEN; AND**

**APPLICATION FOR RELIEF UNDER THE ALL WRITS ACT (28 U.S.C. §1651)**

I deposited a true and correct copy in the United States Mail addressed to the

following:

Patrice Vallier-Glass
The State Bar of California
845 S. Figueroa St.
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California the

foregoing is true and correct and this declaration was executed on April 29, 2021 at Los

Angeles, California.

s/ Matthew Melaragno