**NINA R. RINGGOLD**
**17901 Malden St.**
**Northridge, CA  91325**
**Telephone: (818) 773-2409, Facsimile: (866) 340-4312**
**Defendants**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT

| | |
|---|---|
| SUPREME COURT OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; BOARD OF TRUSTEES OF THE STATE BAR OF CALIFORNIA; THOMAS MILLER former General Counsel, VANESSA HOLTON current General Counsel; STATE BAR COURT OF CALIFORNIA as an entity that is not a court of record; JUDGE YVETTE ROLAND, CATHERINE PURCELL, RICHARD HONN, individuals and not judicial officers; MICHELLE CRAMTON, ADA coordinator; JAYNE KIM former Chief Trial Counsel, STEVEN MOAWAD former Chief Trial Counsel, MELANIE J. LAWRENCE interim Chief Trial Counsel; ASHOD MOORADIAN, AGUSTIN HERNANDEZ, ROSS VISELMAN, PATRICE VALLIER-GLASS, KERRI RILEY, trial counsel; CRAIG MATHENY investigator, BARBARA FIELD investigator, and any other alleged investigator(s); all the above independently and as persons and/or entities governed under Cal. B&P Code § 6031 (b), and DOES 1-10, | Case No._____  <br><br> **NOTICE OF PENDENCY OF OTHER** <br><br> **ACTIONS OR PROCEEDINGS; NOTICE OF** <br><br> **RELATED CASES** <br><br><br> **(Jury Trial Requested)** |
|         Plaintiffs, <br> v. | |
| NINA R. RINGGOLD, LAW OFFICES OF NINA R. RINGGOLD as constitutionally mandated member of the State Bar of California under Cal. Const. VI § 9 with clients protected under § § 1 - 3 of the Civil Rights Act of 1866 and Cal. B&P Code § 6001.1 (eff. 10/2/11) and engaged in action under Voting Rights Act that Seeks a Special Judicial Election in the State of California, | |
|         Defendants. | |

**NOTICE IS HEREBY GIVEN OF THE FOLLOWING RELATED CASES:**

**I.      LIST OF CASES SUBJECT TO NOTICE OF PENDENCY OF ACTION**

*CASE NO. 1 (United States District Court for the Eastern District)( Voting Rights Act Case "VRA Case")*

*THE LAW OFFICES OF NINA RINGGOLD AND ALL CURRENT CLIENTS THEREOF on their own behalves and all similarly situated persons v. JERRY BROWN in his Individual and Official Capacity as Governor of the State of California and in his Individual and Official Capacity as Former Attorney General of the State of California; KAMALA HARRIS in her Individual and Official Capacity as Forner Attorney General of the State of California, COMMISSION ON JUDICIAL PERFORMANCE OF THE STATE OF CALIFORNIA as a state agency and constitutional entity, ELAINE HOWLE in her Individual and Official Capacity as California State Auditor and DOES 1-10, Defendants* (Case No. 12-cv-00717-JAM-JFM)

**FILED 3/21/12**

The case was dismissed without prejudice as to a segment of plaintiffs (including the defendant Nina Ringgold).  This case, in part, claims that a constitutional vacancy of judicial office has occurred in the County of Los Angeles and other counties under the state constitution.  It claims that state trial court unification diluted the voting strength of minorities in judicial elections.  Shelby County v. Holder, 133 S. Ct. 2612 (2013) held that section 4 of the VRA was unconstitutional and its formula can no longer be used as a basis for preclearance.  However, the County of Los Angeles and the County of Alameda are covered under the bail in mechanism under section 3 (c). As to Los Angeles County, See Garza v. County of Los Angeles, 918 F.2d 763 (9th Cir. 1990).  The case, in part, seeks declaratory and injunctive relief as to violation of the Supremacy Clause and federal law (by the involuntary waiver of federal rights under section 5 of SBX211) and with respect to implementation of procedures  for compliance of constitutionally mandated disclosure and consent requirements for court users in the state court.  The VRA members claim that the California Vexatious Litigant Statute is

being used as a form of viewpoint discrimination and retaliation against minorities

objecting to section 5 of SBX2 11 which provides "super immunities" to judges and

others (including for matters pertaining to criminal conduct or matters relating to

judicial discipline) and attempts to re-write an entire body of civil rights laws.

### *CASE NO. 2 (United States Court of Appeals for the Ninth Circuit)*

*STATE BAR OF CALIFORNIA et al v. NINA RINGGOLD; LAW OFFICES OF NINA R.*
*Ringgold,  as a member of the State Bar of California with clients protected under §§ 1-3 of the*
*Civil Rights Act of 1966 and Cal. B & P. Code § 6001.1 (eff 10/2/11), et al. and engaged in*
*action under Voting Rights Act that Seeks a Special Judicial Election in the State of California*
*(Case No. 19-55518)*

Filed: 5/7/19

Pending July 13, 2020 motion to recall mandate in part based on new and change

in law.  Case involves civil rights removal statutes.

### *CASE NO. 3 (Supreme Court of California)*

*Nina Ringgold, Esq. et al. v. State Bar Court of California a non-judicial body/entity governed*
*under Cal. B&P Code § 6031 (b) and operating without receipt or filing of a remand order from*
*the 1/15119 removal to the federal court (Case No .TEMP-5Q1LHWY9)*
***Filed: 8/24/20***

The case in part involves accommodation for disability.

### *CASE NO. 4 (District Court)*

Ex Parte Motion to Vacate pending and filed September 28, 2020.
(Case No. 20-cv-07842)

 Filed: August 27, 2020

## II.    NOTICE OF RELATED CASES AND OBJECTION TO STATE BAR NOTICE
## OF RELATED CASES

### *CASE NO. 1 (United States District Court for the Central District of California)*

*STATE BAR OF CALIFORNIA et al v. NINA RINGGOLD, ESQ.  as a member of the State*

*Bar of California with clients protected under §§ 1-3 of the Civil Rights Act of 1966 and Cal. B & P. Code § 6001.1 (eff 10/2/11), et al.*

**FILED: 3/23/15** United States District Court for the Central District Case No: 15-cv-02159 GW (MRWx)

This case involved removal of an investigatory and regulatory action of the State Bar. Attorneys Nina Ringgold and Amy Lee removed pre-charge investigatory proceedings at the stage of an early neutral evaluation to the United States District Court. Removal was made upon discovery that employees of the state bar, including the alleged neutral evaluator, were barred by statutory authority (Cal. B & P. Code § 6031 (b)) from hearing defenses of defendants. After this removal and in direct violation of federal removal jurisdiction and 28 U.S.C. § 1446 (d) the office of the chief trial counsel through Ashod Mooradian filed a retaliatory disciplinary charge. Having filed this void charge without notice and in violation of federal removal jurisdiction and the Supremacy Clause of the United States Constitution, the charge was void *ab initio*. Multiple written admissions to this fact have been filed by the Office of Chief Trial Counsel.

The district court did not remand any matter to the State Bar Court and the district court clerk did not remand any matter to the State Bar Court. No matter had ever been removed from the State Bar Court because no such proceeding existed. The Office of General Counsel attempted to modify the official transmittal of the district court clerk by redirection of the transmittal. At the time the General Counsel's Office of the State Bar and the Office of Chief Trial Counsel of the State Bar were in turmoil. This office never had authority to modify the original record of the federal court.

(**a) arise from the same or a closely related transaction, happening, or event;**
No. The major relevance of this proceeding is the State Bar's modification and redirection of an official transmittal of the clerk of the federal court and the lack of a remand order filed in the State Bar Court.

**(b) call for determination of the same or substantially related or similar questions of law and fact; or**

There related legal issues and factual issues by the but the major relevance of this proceeding is the State Bar's modification and redirection of an official transmittal of the clerk of the federal court and the lack of a remand order filed in the State Bar Court.

**(c) for other reasons would entail substantial duplication of labor if heard by different judges.**

The major relevance of this proceeding is the State Bar's modification and redirection of an official transmittal of the clerk of the federal court and the lack of a remand order filed in the State Bar Court.  This can be determined as a matter of law and undisputed evidence.

***CASE NO. 2 (United States District Court for the Central District of California)***
*STATE BAR OF CALIFORNIA et al v. NINA RINGGOLD, ESQ.  as a member of the State Bar of California with clients protected under §§ 1-3 of the Civil Rights Act of 1966 and Cal. B & P. Code § 6001.1 (eff 10/2/11), et al.*

**FILED: 1/15/19** United States District Court for the Central District Case No: 19-cv-301 GW (MRWx), Motion to Recall Mandate filed in Ninth Circuit Appeal based on change in law *(Case No. 19-55518)*

This case involved removal of proceeding operating in violation of 28 USC § 1446 (d).

**(a) arise from the same or a closely related transaction, happening, or event;**

No.  The major relevance of this proceeding is the State Bar's 2015 modification and redirection of an official transmittal of the clerk of the federal court and the lack of a remand order filed in the State Bar Court.

**(b) call for determination of the same or substantially related or similar questions of law and fact; or**

There related legal issues and factual issues by the but the major relevance of this proceeding is the State Bar's 2015 modification and redirection of an official transmittal of the clerk of the federal court and the lack of a remand order filed in the State Bar Court.

**(c) for other reasons would entail substantial duplication of labor if heard by different judges.**

The major relevance of this proceeding is the State Bar's modification and redirection of an official transmittal of the clerk of the federal court and the lack of a remand order filed in the State Bar Court. This can be determined as a matter of law and undisputed evidence. There is a motion to recall the mandate pending based on a change of law (See above).

_**CASE NO.3  (United States District Court for the Central District of California)**_
_SUPREME COURT OF CALIFORNIA et al v. NINA RINGGOLD, ESQ.  as a member of the State Bar of California with clients protected under §§ 1-3 of the Civil Rights Act of 1966 and Cal. B & P. Code § 6001.1 (eff 10/2/11), et al._

**FILED: 8/27/20** United States District Court for the Central District Case No: .20-cv-07842 GW (MRWx). Pending motion to vacate filed September 28, 2020 (in part based on change in law and failure to rule on request for accommodation for disability, or to rule on matters pertaining to California Supreme Court).

This case involved removal of proceeding operating in violation of 28 USC § 1446 (d).

**(a) arise from the same or a closely related transaction, happening, or event;**

No.  The major relevance of this proceeding is the State Bar's 2015 modification and redirection of an official transmittal of the clerk of the federal court and the lack of a

remand order filed in the State Bar Court.  There has never been a remand order filed in the state tribunal.

**(b) call for determination of the same or substantially related or similar questions of law and fact; or**

There related legal issues and factual issues by the but the major relevance of this proceeding is the State Bar's 2015 modification and redirection of an official transmittal of the clerk of the federal court and the lack of a remand order filed in the State Bar Court.  There has never been a remand order filed in the state tribunal.

**(c) for other reasons would entail substantial duplication of labor if heard by different judges.**

The major relevance of this proceeding is the State Bar's modification and redirection of an official transmittal of the clerk of the federal court and the lack of a remand order filed in the State Bar Court.  This can be determined as a matter of law and undisputed evidence. There has never been a remand order filed in the state tribunal.  The failure of Judge Wu to rule on motion to vacate for 8 months or to rule on requested disability accommodation for 8 months is evidence of bias.  Since the matters are issues that can be resolved as a matter of law and there been no ruling on those issues or issues involving changes in law there is no substantial duplication of labor if heard by a different judge.

**III.    CERTIFICATE OF INTERESTED PARTIES AND GROUNDS FOR RECUSAL**

The plaintiffs have never filed a certificate of interested parties to enable the court to determine whether there are grounds for recusal.  Plaintiffs unreasonably refuse to file the mandatorily required certificate of interested parties.  Defendants have filed a certificate and notice of interested persons. These matters are relevant to case

assignment.  In cases involving or related to the Voting Rights Case approximately ½ of judges in this district have recused themselves and have fairly and properly acknowledged general and financial interests in the issues raised.

DEFENDANTS INSIST THAT THE COURT ENFORCE THE REQUIREMENT OF PLAINTIFFS TO FILE A PROPER CERTIFICATE OF INTERESTED PARTIES.

Dated:  April 29, 2021                      Respectfully submitted,

By:   s/  Nina R. Ringgold
     Nina R. Ringgold

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2021 I  filed the following

documents with the Clerk of Court for the United States District Court for the Central

District

**NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS; NOTICE OF RELATED CASES**

I deposited a true and correct copy in the United States Mail addressed to the

following:

Patrice Vallier-Glass
The State Bar of California
845 S. Figueroa St.
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California the

foregoing is true and correct and this declaration was executed on April 29, 2021 at Los

Angeles, California.

s/ Matthew Melaragno